No. 46.—Trippe & Slade, and Hudson & Thomas and others, plaintiffs in error *vs.* Uriah Ward, administrator of William J. Lowe and William V. McGehee and others, defendants in error.

[1.] In cases of fraud (with the exception of fraud in obtaining a will) courts of equity and courts of law have concurrent jurisdiction, and the court which first acquires jurisdiction is entitled to retain it.

[2.] Where a bill was filed by judgment creditors to set aside a conveyance as fraudulent, it was *held*, that a court of equity had jurisdiction, notwithstanding the creditors might have sued the donee as *executor de son tort*, after the death of the donor,

Bill and Demurrer, From Putnam Superior Court. Demurrer sustained and bill dismissed. Judge Merriwether presiding. March Term, 1847.

For the facts of the case, and the error alleged, see the opinion of the Supreme Court.

Cone, for the plaintiffs in error.

Hill, for the defendants in error.

Judge Cone, for the plaintiffs, made the following points:

First. A court of chancery has jurisdiction to assist a judgment creditor, to discover and reach the property of his debtor fraudulently conveyed away, after such creditor has pursued his remedies at law to every available extent. 1 *John. Ch. R.* 296; 4 *Ib.* 687; 3 *Munf. R.* 521; 1 *Paige R.* 305; 1 *Munroe R.* 106, 222; 1 *Paine R.* 525.

Second. Courts of equity have concurrent jurisdiction with courts of law in all cases of fraud, except perhaps in the single case of fraud in the obtaining of a will. 1 *Story Eq.* 210, 287, 395, 405; 2 *Atkyn's R.* 172; 3 *Ib.* 167; 1 *Ves. R.* 160; 2 *Randolph R.* 384.

*By the Court*—Warner, J. delivering the opinion.

This was a bill filed in the Court below, by the creditors of William J. Lowe, deceased, against Uriah Ward, his administrator, and William V. McGehee et al. to subject certain property therein specified to the payment of their debts. It appears from the record,

that the complainants have obtained judgment against Lowe's administrator for their respective demands, *quando acciderint*, and the sheriff has returned on the executions issued thereon, " no property of the defendant." That subsequent to the contracting of the debts due the complainants, Lowe, the intestate, executed a deed of trust to said McGehee as trustee for his wife Elizabeth, and Anna Frances, child of said William J. Lowe and his wife Elizabeth, by which deed he conveyed all his visible property, without making any provision whatever for the payment of the debts then due the complainants; and that, at the time of the execution of said deed of trust, the said William J. Lowe was nearly or quite in a state of insolvency. It is also charged, that said deed was *voluntary* and without any valuable consideration moving from the said McGehee, or from any one else, to the said Lowe, and was executed for the purpose of defrauding his creditors. The complainants pray that McGehee may be decreed to pay their debts out of the property so conveyed to him in trust as aforesaid.

The defendants filed a demurrer to the complainants' bill, on the ground that they had an ample and complete remedy at law.

There was another ground of demurrer mentioned in the record, but it was not urged before this Court.

The Court below, on hearing the demurrer, sustained it, and dismissed the complainants' bill, on the ground that they had a full, complete, and adequate remedy at law, inasmuch as William V. McGehee was liable to them as *executor de son tort* of the estate of William J. Lowe; to which decision of the Court the complainants excepted, and now assign the same for error in this Court.

Taking the charges in the bill to be true, as the demurrer [1.] admits, the conveyance executed by Lowe to McGehee was fraudulent as against existing creditors, and we concur in opinion with the Court below, that McGehee might have been sued as an *executor de son tort.* But upon what principle would the creditors have been entitled to judgment against McGehee as *executor de son tort* of William J. Lowe, deceased? Clearly upon the ground that the conveyance of the property was a *fraud* on the rights of the existing creditors of Lowe. In all cases of fraud (with the exception of fraud in obtaining a will) courts of law and courts of equity have concurrent jurisdiction. 1 *Story Eq.* 195, *sec.* 184; *Bacon* vs. *Bronson,* 7 *John. Ch. R.* 201; *White* vs. *Jones,* 4 *Call. R.* 253 ; *Singery* vs. *Attorney General,* 2 *Harris & John. R.* 487. Mr. Justice Story states the rule to be, "that, with the exception of wills, as

above stated, courts of equity may be said to possess a general, and perhaps a universal concurrent jurisdiction with courts of law, in cases of fraud cognisable in the latter; and exclusive jurisdiction in cases of fraud beyond the reach of the courts of law." In Bacon *vs.* Bronson, Chancellor Kent, after quoting the remarks of Lord Eldon, in Evans *vs.* Bicknell, on the subject of the concurrent jurisdiction of the two courts, says: "There is no dispute about that doctrine. It is a principle of universal law. Fraud and damage coupled together, will entitle the injured party to relief in any court of justice."

[2.] The courts of law and equity then having concurrent jurisdiction in cases of fraud, and the court of equity having first acquired jurisdiction of the cause now before us, was in our judgment entitled to retain it, notwithstanding the complainants might have obtained judgments against the defendant as *executor de son tort*, in a court of law. Indeed we are of the opinion that courts of equity are better adapted to grant the relief sought by the complainants in the case made, than a court of law, exercising as they do a more comprehensive jurisdiction for the protection of the rights of all the parties who are interested in the subject matter of litigation. Maintaining the jurisdiction of the court of equity in this case will prevent another suit, and it is the policy of the law and should be the policy of the administrators of it, to avoid a multiplicity of suits, whenever it can be done without violating established principles. "When a court of law and a court of equity have concurrent jurisdiction of the matter in dispute, the court which takes jurisdiction settles the matter conclusively." *Thompson* vs. *Hill*, 3 *Yerger's R.* 167 ; *Flournoy's Ex'rs.* vs. *Halcomb*, 2 *Munford's R.* 35.

From the view we have taken of this case, we are of the opinion that the Court below erred in its judgment in sustaining the demurrer and dismissing the complainants' bill. Let the judgment of the Court below be reversed and the cause reinstated.