No. 19.—WILLIAM PHILLIPS, plaintiff in error, *vs.* D. and A. WESSON and others, defendants.

[1.] A discharge, under the Honest Debtor's Act, exempts only the body of the defendant from arrest, at the instance of the creditors who were parties to the proceeding.

[2.] All the property which the debtor owned, at the time of his discharge, whether included in his schedule or not, is subject to the judgments. The issue authorized to be formed, under the Insolvent Laws of this State, is to compel a disclosure of concealed effects, and not to try the title to property in the hands of third persons.

[3.] If A fraudulently transfer property to B, to avoid the payment of his debts, the remedy by garnishment, against B, is not so full and complete as a proceeding in Chancery.

[4.] Under a creditor's bill, filed against a third person, to reach and appropriate to the payment of the debts, a fund belonging to the defendant, a Court of Equity can better distribute the fund than a Court of Law, under a proceeding by garnishment.

[5.] A Court of Equity will extend to one who is not a party to the bill, the privilege of becoming a party, at his own instance, when, from the case made, it sees that the ends of justice would be subserved by it.

In Equity, from Bibb Superior Court. Decided by Judge POWERS, May Term, 1854.

This was a bill filed by certain creditors of William J. Stephens, setting forth that they had sold to said Stephens, merchandise to the amount of Six Thousand Dollars; that they had obtained judgments on their claims, and *ca. sas.* had been issued against Stephens, and he had been discharged under the Insolvent Laws. Pending suit, garnishments had been served on William Phillips, to which he answered, denying owing anything to Stephens, or having any effects of his in hand. The answer was not traversed, nor was any judgment or other proceedings, in relation to the garnishment.

The bill further stated that Stephens had sold out the goods, to B. T. Smith, taking his note therefore; that the sale was rescinded, and that in order to keep the goods from his credi-

xvi–18

tors, Stephens placed Smith's note in the hands of Phillips, who delivered it to Smith, and received the goods, ostensibly, for himself; but, as the bill charged, really for the benefit of Stephens, to be held in secret trust for him; all which was previous to the garnishment, or the discharge of Stephens from arrest, as aforesaid. The object of the bill was, to make Phillips liable for these goods, or their value, to the creditors. To this bill a general demurrer, for want of equity, was filed, as also a special demurrer, because Stephens was not made a party.

The demurrer, on both grounds, was over ruled by the Court, and this decision is excepted to.

STUBBS & HILL, for plaintiff in error.

LANIER, ANDERSON and RUTHERFORD, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

In the opinion of this Court, Counsel for the plaintiff in error misapprehended the nature of complainant's bill. They assume that it is filed to set aside the judgment of discharge, in favor of Stephens, under the Insolvent Laws, and the proceedings in garnishment, against Phillips. And consequently, they treat the bill as though it were filed, to set aside judgments at Law; and it is demurred to in that respect. Such is not its object.

[1.] What was the effect of the discharge, under the Honest Debtor's Act? Nothing more than to exempt the person of Stephens from future arrest.

[2.] It is not disputed but that the property which he owned at the time, or might subsequently acquire, would be liable to seizure and sale, under the complainant's judgments, which were then of force against him. *The Mayor and Council of Rome vs. Dickerson,* (13 *Ga. R.* 302.)

Indeed, such is the express provision of the Act of 1801, which was passed to carry into effect the 7th section of the 4th article of the Constitution of 1798. While it exempts the body

·of the debtor from arrest, it declares that nothing therein contained, shall prevent any creditor to have execution, at any future time, against the property, both real and personal, of the insolvent debtor. (*Cobb's Dig.* 381.)

This discharge, then, is not at all in the way of these creditors. There is no attempt, by them, to interfere with the liberty of the debtor. ` They are foreclosed from doing that.

What, then, is the object of this bill? It is to subject assets which cannot be reached at Law, owing to the peculiar ·circumstances of the case. The creditors want both discovery and relief. And I repeat, the judgment of discharge does not ·stand in their way: nor is this an attempt to vacate it.

[3.] As to the garnishment which was sued out against Phillips, that occupies a different footing. He deposed that he owed Stephens nothing, and that he had nothing of his, in his hands. This affidavit was not traversed, and there the proceeding stopped. There was no judgment entered up, discharging the garnishee, nor for any other purpose. Here again, then, there is no insuperable obstacle to be surmounted.

[4.] But it may be asked, if this proceeding be still open and pending, instead of filing this bill against Phillips, why not prosecute the garnishment? The answer is two-fold. In the first place, it is too late to traverse the deposition of Phillips, and to take issue with him, upon the facts therein affirmed. And a satisfactory reason is rendered in the bill, why it was not done at the proper time, namely: that the creditors, notwithstanding their vigilance, in ferreting out ·these effects, were not prepared, with proof, to controvert the return successfully. They had watched for these goods, and had a suspicion, that when Smith delivered them up, that they went into the custody of Phillips. Hence the garnishment which they caused to be served upon him. Having positively denied the fact, they abandoned further pursuit. They have recently learned, however, that they were on the right track. But the time has elapsed for taking issue upon this return.

But there is a technical difficulty which cannot well be overcome, as to this remedy by garnishment. Admitting all the

facts charged in the bill to be true, Phillips, perhaps, could safely swear, that he owed Stephens nothing, and that he had nothing of his in his hands. For this being a fraudulent arrangement between them, to defeat the creditors, Phillips is not liable to account to Stephens, although he may be to the creditors. And notwithstanding the transfer, by Stephens, may be a nullity, as to his creditors; still, it will be perceived that the process of garnishment does not make and meet the issue fairly. At any rate, this legal remedy is not complete. Phillips might swear, in answer to the garnishment, that he owed Stephens nothing; yet, if he admitted the facts charged in the bill, he would subject himself, undoubtedly, not to a prosecution for perjury, on his former oath, but to a decree in favor of the creditors of Stephens, to account for these goods, or their value.

The remedy at Law, is not so full, in another respect. This is a creditor's bill, and should a recovery be had, a Court of Equity will be the most appropriate forum, for distributing this fund amongst the claimants.

Having ascertained that is not a bill to set aside proceedings at Law, none of the rules applicable to that class of cases, apply to it—such as diligence, the annexation of the affidavit of Stephens, &c. In other words, this is not a bill of review, to obtain a new trial or stay proceedings at Law: but an original bill, founded on its own peculiar equity; and which, if the charges in it be true, and the demurrer admits them, is by no means deficient in equity. Let a single fact suffice to prove this: Phillips, the defendant, has got into his possession $6,000 worth of property, belonging to Stephens, to be disposed of for his benefit, with adequate compensation, of course, for his services. And this bill appeals to his conscience to establish the fact, and to a Court of Chancery, to compel him, by its decree, to disgorge these effects. Would a Court of Equity be deserving of the name, which confessed itself inadequate to grant the relief sought?

[5.] So much for the general demurrer. There was also a special demurrer, because Stephens was not a party.

This objection does not lie in the mouth of the defendant. What is it to him, if Stephens be not joined in this proceeding? But to protect the rights of Mr. Stephens, who is interested in showing that these judgment debts are paid, in whole or in part, or for some other reason, that they are not valid and operative, as well as to bind him, by the decree which may be rendered, an opportunity should be afforded him, of voluntarily being made a party.

We shall sustain, then, the judgment of the Superior Court; and require Mr. Stephens to be notified of the pendency of the suit, with the privilege of coming in and being made a party defendant, if he see fit.