## CONYERS *vs.* BOWEN.

Where parties are already in a Court of Equity, and the remedy at Law is not likely to afford full, adequate and complete relief, they will not be driven into another forum.

In Equity, in Coweta Superior Court. Decision by Judge HAMMOND, at the March Term, 1860.

Francis D. Bowen filed his bill in equity, in the Superior Court of Coweta county, in which he alleged the following facts, to wit:

In the year 1846, or 1847, John Bowen purchased the life-estate of Patsy McCoy, in a negro man by the name of

Patrick, a negro woman, by the name of Jenny, a negro boy, by the name of Willis, and a tract of land in the county of Campbell, known as the McCoy place, for which life-estate the said John Bowen agreed to pay to the said Patsy McCoy five hundred and fifty dollars, annually, and that a written contract to that effect was duly executed by the parties, the said John Bowen giving security for the faithful performance of his part of the contract; that pursuant to said contract, the said Patsy McCoy transferred and delivered the said negroes and land to the said John Bowen, who continued in the possession of the same until his death; that, in the year 1852, the negro woman Jenny gave birth to a girl-child, which has been named Patsy, and which was also in the possession of the said John Bowen at the time of his death; that John Bowen was a member of the firm of Bowen & Brothers, against which firm the complainant obtained a judgment in Carroll Superior Court, on the 22d of December, 1854, for the sum of $815.08 principal, and the sum of $194 interest, and the sum of —— dollars, for costs, from which judgment a *fi. fa.* issued on the 12th of January, 1855; that, in July, 1855, the said John Bowen died insolvent, and there has been no administration on his estate, nor is there likely to be; that a short time after the death of the said John Bowen, his widow, Harriet Bowen, who had possession of the written contract aforesaid, either destroyed the same, or delivered it to one Horton, the agent of Patsy McCoy, both of whom reside out of the State of Georgia, and that said Horton, as such agent, took possession of the said land and negroes, through his sub-agents, Bennett H. Conyers, of the county of Cass, Joseph J. Pinson, of the county of Coweta, and William B. Conyers, of the county of Carroll; that said agents have been hiring out said negroes, and renting said land, and receiving the profits, arising therefrom, ever since the death of the said John Bowen; that the destruction or delivery of said contract to Horton by the widow of John Bowen, and the taking possession of said land and negroes by Horton and his said sub-agents, were done for the purpose of defeating the collection of said judgment in favor of the complainant; that complainant has had his said *fi. fa.* levied upon said negroes, which have been claimed by said Horton and Bennett H. Conyers, as the agents of the said Patsy McCoy, which claims are now pending in Carroll

Superior Court; that the complainant believes and charges that these claims have been interposed, and will be kept in Court, if possible, until after the death of Patsy McCoy, who is a very aged lady, so that the said land and negroes may then go to the remaindermen, and the rent of said land, and the hire of said negroes, be secured to the said Patsy McCoy during the time that said claim cases can be kept in Court, and the trials thereof staved off; that said Pinson has in his hands $250, arising from the hire of negro Willis, and now has him hired out for $180, for which he has a note; that William B. Conyers has now in his hands (if not paid over to Bennett H. Conyers) the sum of $150, arising from the hire of Patrick, Jenny and her child, and has them now hired out for the sum of $150, for which he has a note; that Moses M. Smith rented said land from John Bowen in his lifetime, and since his death, has attorned to said Horton, as agent for Patsy McCoy, and that Hugh Brewster, of Coweta county, either bought an interest in said land from Smith, or agreed to pay the rent thereof jointly with Smith, and that the said Smith and Brewster jointly, or the said Smith alone, now owes the sum of $300 for the rent of said land, if they have not paid it over, and that they owe that sum for said rent for the present year 1858, for which they have given their obligation; that the said sums of money, and notes, and obligations, given for the hire of said negroes and the rent of said land, will be withdrawn and paid over to said Patsy McCoy, who resides in Mississippi (unless restrained by process from a Court of Chancery), and the complainant be left without remedy; that complainant can not prove the allegations of his bill without a resort to the conscience of the defendants for a discovery.

The complainant, by his bill, prays for: A discovery of the facts by the answer of the defendants; also an injunction, restraining each and all of the parties from paying to Patsy McCoy or any one else the money in their hands arising from the hire of said negroes or the rent of said land, and from delivering to said Patsy McCoy, or any one else, the notes and obligations given therefor; also for such other relief as the facts of this case call for.

To this bill, Bennett H. Conyers set up a demurrer, on the following grounds, to wit:

1. Because the bill is wanting in proper parties.

2. Because the complainant has a complete remedy at law.

3. Because there is no equity in said bill.

Upon the hearing, the presiding judge overruled the demurrer, and retained the bill, and this decision is complained of as error.

BUCHANAN, for the plaintiff in error.

POWELL, for the defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

We think the Court was right in overruling the demurrer to the bill in this case. In addition to the discovery which is sought, the common law remedy, by process of garnishment, is not so complete. Indeed it is not an adequate remedy.

In the case of *Field et al. vs. Jones and another,* 10 *Geo. Rep.* 229, the person in possession of the effects held them directly under the debtor. Here, Conyers and the other defendants do not claim under Bowen, the debtor, but under Mrs. Patsy McCoy. They might, in truth, say in response to a summons of garnishment, that they had in their hands no effects belonging to the estate of Bowen. Again, in the case of *Field vs. Jones,* the Common Law Courts had first acquired jurisdiction, and the learned judge, who delivered the opinion of this Court in that case refers to that. Here, the contrary is true. The parties are in a Court of Equity, where the remedy, we must think, will be more full.

In *Phillips vs. Wessen & Another,* 16 *Geo. Rep.* 137, this Court maintained a bill upon a slighter ground than this rests, owing to the obstacles which might be interposed to garnishment process.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.