JOHN C. BOWLING *et al.*, plaintiffs in error, *vs.* THOMAS AMIS, defendant in error.

1. When assets equitably subject to the payment of a judgment, consist of debts once represented by notes payable to the judgment debtor, but now represented by other notes payable to, and held by his son, and both he and his son are insolvent, garnishment is a less available remedy to secure the assets and apply them to the judgment than is a bill for injunction and relief.

2. When a judgment creditor proceeds by bill to subject debts equitably liable to the payment of his judgment, he is not barred by the statute of limitations if his judgment is not dormant, and if the debts he seeks to reach are not barred, although the original notes for such debts were fraudulently transferred by the judgment debtor to his son, more than eight years before the bill was filed, and although the son surrendered them to the maker, and took, in lieu of them, from the same maker, other notes payable to himself. This proceeding is not to recover any of the notes as property, but to collect the money from the maker as a fund subject, in equity, to the payment of the judgment ; and the filing of the bill was in time, being within six years from the maturity of the original notes.

Equity. Debtor and Creditor. Garnishment. Before Judge POTTLE. Oglethorpe Superior Court. October Adjourned Term, 1876.

On May 11th, 1876, Thomas Amis filed his bill against John C. Bowling, P. S. Fambrough and W. T. Fambrough, making, in substance, the following case :

At the October term, 1868, of Oglethorpe superior court, he obtained three common law judgments against P. S. Fambrough : the first for the use of the administrators of G. W. Gresham, for $2,000.00, principal, with interest from January 1st, 1868 ; the second in favor of complainant for $250.00, principal, with interest from May 1st, 1867 ; the third in favor of complainant for $564.63, with interest from March 16th, 1868. At the October term, 1869, he obtained another judgment against said Fambrough for the use of said administrators, for $2,000.00, principal, with interest from January 1st, 1869. There is still due upon said judgments, all of which are the property of complainant, more than

$3,000.00.   None of the judgments are dormant, having been kept in date by proper entries on the executions issued thereon.   About October 8th, 1866, said Fambrough sold to said Bowling a plantation for $2,000.00, giving him a bond conditioned to make title upon payment of the purchase money.   Bowling gave to Fambrough five promissory notes, dated on the day of the sale, each for $400.00, and falling due on the first days of January, 1868, 1869, 1870, 1871 and 1872, respectively.   The first of these notes was paid to P. S. Fambrough.   About the 30th of March, 1868, said Fambrough, for the purpose of defrauding his creditors, and especially the complainant, gave the four remaining notes to his son, W. T. Fambrough, for no consideration whatever, He then conveyed the aforesaid plantation, by deed, to Bowling.   W. T. Fambrough, with a full knowledge of all the facts recited in this bill, and for the purpose of carrying out this scheme of fraud, surrendered the aforesaid notes to Bowling, and took from him new notes, similar in every respect to those surrendered, except that they were made payable to him, instead of to his father.   On these new notes there is now unpaid about $600.00, which complainant insists is, in fact, due to P. S. Fambrough.   Both the Fambroughs are insolvent.

Complainant, being remediless at law, prays as follows: First, that Bowling be enjoined from paying said money to either of the Fambroughs, or to any transferee of said notes; that the Fambroughs be enjoined from receiving any payment on said notes, and from transferring them. Second, that the balance due on said notes be decreed to be the property of P. S. Fambrough; that Bowling be directed to pay over the same to complainant to be credited on his judgments, and that W. T. Fambrough be directed to deliver up said notes to be canceled.   Third, that complainant may have such relief as is necessary and proper, etc.

To this bill the defendants demurred, because the complainant had an adequate remedy at law, and because the

cause of action therein set forth was barred by the statute of limitations at the time the same was filed, defendants insisting that the four years' bar applies.

The demurrer was overruled, and the defendants excepted.

J. D. MATHEWS; POPE BARROW, for plaintiffs in error.

JNO. C. REED; SAM. LUMPKIN; J. T. OLIVE, for defendant.

BLECKLEY, Judge.

1. Garnishment directed to the son, the payee and holder of the renewal notes, would have been an unsafe remedy, because the son claims the notes as his own, and is insolvent; and because these new notes, treated as property, never belonged to the father. Garnishment directed to the maker of the notes would not be appropriate, because his now apparent creditor is the son. The maker is under express contract, by the last notes, to pay to the son, and it is only in equity, or upon equitable principles, that he is liable to the father, or rather to the father's creditors. Besides, taking the whole case, there is, if the bill be true (and the demurrer admits it), a fraud to deal with, committed by father and son together; and, in cases of fraud, equity has concurrent jurisdiction with courts of law—Code, §3172; and see 16 *Ga.*, 137.

2. On the statute of limitations, the case is not altogether clear; but, treating the original notes as still unpaid, the statute seems not in the way. Those notes had not been mature six years when the bill was filed. And the plaintiff's judgment was not dormant. One living debt comes against another living debt for satisfaction. An apparent obstacle was placed between the two some eight years before the movement to bring them together was attempted. But this obstacle was only incidentally involved in the suit. The main object of the bill is to collect money equitably subject to pay the plaintiff's judgment; and the difficulty raised re-

lates only to the shell or covering which envelopes the obligation to pay that money. Let the shell stay with the party who has it. This proceeding is not a suit for the notes, but for the fund. Let the son keep the new notes, but, if the bill be true, let the complainant have the money, as money still equitably owing on the old ones, and let the maker of the two sets of notes, be protected by injunction against paying a second time. This will do equity as to all parties, and carry the money where it ought to go.

Judgment affirmed.