## Case No. 12,541.

SCOTT et al. v. MANSFIELD, C. & L. M. R. CO.

[2 Flip. 15;[1] 5 Am. Law Rec. 436; 9 Chi. Leg. News, 92.]

Circuit Court, N. D. Ohio. April Term, 1877.

PRACTICE IN CHANCERY—PARTIES—AMENDMENT.

A party interested in the res in controversy, not made a party in the bill, may on his motion or petition, be made a party by amendment of the bill.

[This was a bill in equity, to foreclose a mortgage, by Thomas A. Scott and G. W. Cass, trustees, against the Mansfield, Coldwater & Lake Michigan Railroad Company.]

John P. Shipman, H. C. Hedges, and Otis, Adams &. Russell, for the motion.

Rufus P. Ranney, and J. T. Brooks, contra.

WELKER, District Judge. The bill is filed by complainants as trustees of bondholders to foreclose a mortgage executed by the defendant upon their railroad, to secure bonds issued by the company, and prays the sale of the railroad to pay the same.

Swan, Rose & Co., who are not parties to the bill, file their motion asking an order that the complainants may be required to amend their bill so as to make them parties defendant, with leave to answer. They state that they were contractors for the building of the railroad of the defendant, that they built a large part of it, for which defendant was indebted to them, and that before the filing of the bill, they had recovered a judgment in

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

the state court against the defendant for a large amount, and on which execution was issued and duly levied upon the road, and which is claimed to be a subsisting lien upon the road; the judgment not having been paid. They also allege that the mortgage of the complainants is not a valid lien upon the railroad, and not superior to their lien thereon, and that they have a good and sufficient defense to the mortgage of the complainants.

The motion is resisted by the complainants on the ground that they have made the only party necessary, and that to amend by making these lien holders parties is unnecessary, claiming that the proper parties are before the court to enable it to make a final and complete decree in the premises. The question is whether Swan, Rose & Co. can be thus made parties on their motion so made?

From a very careful examination of the authorities, I find it stated as a general proposition in equity proceedings, that all parties interested in the subject-matter of the suit should be made parties; that if it appear at any stage of the case, that there are parties in interest, not so made parties, the court may withhold a decree until such parties are brought before the court, or dismiss the bill for want of such parties; but that a bill would not be dismissed if such parties were in court as would enable the court to determine the whole case.

In this case, the railroad company having been made defendant, with the right to make defense to the claim of the complainants, and to set up all legal defenses to the bonds of the complainant, would enable the court to make a final decree in the case between the parties. But Swan, Rose & Co., have an interest in the subject-matter of the suit, by reason of their judgment and levy upon the railroad, and which interest would also be determined by the decree between the present parties, for if the mortgage of the complainant be held to be a good and valid lien upon the road and the value of the road not be sufficient to pay both liens, it will necessarily take from them the lien thus acquired by them.

It is conceded that they could file their original bill, making the complainants and the railroad company defendants, and in that way attack the bonds and mortgage of the complainants, and ask the court to enforce the lien upon the road. That being done, the court would then have two cases, involving substantially the same controversy, and which, no doubt, could be consolidated into and tried as one suit. The practice proposed to be adopted will save this circuity of actions, and puts this one in a shape to settle all the questions made in the case. It would be but the enforcement of the general practice in chancery of making all lien holders defendants where a bill is filed by one lien holder to enforce the lien by sale of mortgaged premises.

I find, in the case of Coleman v. Martin

[Case No. 2,985], this practice approved by Judge Blatchford. In that case he lays down this general rule: "In a suit in rem, where the court has jurisdiction over the res, and its decree affects the interest in the res of all persons who have any interest in the res, a person who has a lien or claim upon, or other interest in the res, is allowed to intervene, and be heard for his own interest in the res. The theory of this is, that the person, by his interest in the res, has an interest, in a legal sense, in the subject matter of the controversy."

In 16 Ga. 137, it was held: "That a court of equity will extend to one who is not a party to the bill, the privilege of becoming a party at his own instance, when, from the case made, it sees that the ends of justice would be subserved by it."

It seems to me, therefore, that upon principle, as well as upon precedent, Swan, Rose & Co. ought to be made parties; and that it is good practice, and a proper way to require this to be done on their motion or petition; and the order is accordingly made requiring the complainants to amend their bill by making them also defendants in this case.