# THE SUPREME COURT OF GEORGIA,

*Decisions Rendered January 5, 1885.*

REPORTED BY J. H. LUMPKIN, REPORTER

ORTON *et al.*, *vs.* MADDEN *et al.* ·

INJUNCTION FROM WHITFIELD.    Equity.    Debtor and Creditor.    Liens.    (Before
Judge Willis.)

Jackson, C. J.—1.  Equity has jurisdiction concurrently with law
in all cases of fraud; and courts of equity more readily raise and act
upon a presumption of fraud than courts of law, from facts pointing
thereto.  In this case rank fraud is admitted by the demurrer, covered
up by three or four different claimants to the property, and it is quite
difficult to determine against whom to proceed as the real owner.
Code, §3172; 2 Ga., 304, 31 Id., 150.

2.  In case of circuity of actions and multiplicity of suits, where
there are assets to be administered and disposed of among creditors,
equity has jurisdiction; and it will entertain a bill to avoid a multi-
tude of suits by establishing a right in favor of or against several per-
sons which is likely to be the subject of legal controversy, or in similar
cases.  Although such a bill generally is filed to establish a right to
property for which continuous suits are brought or threatened, yet it
is applicable to such a contention over the only fund available.  Code
§3233 2; 55 Ga., 546.

3.  A court of equity may appoint a receiver to take possession of
and hold, subject to the direction of the court, any assets charged with
the payment of debts, where there is manifest danger of loss or destruc-
tion, or material injury to those interested, or where any fund or prop-
erty may be in litigation and the rights of either or both parties can-
not otherwise be fully protected.  Code, §§3149, 274.

4.  A bill alleged as follows:  Complainants are laborers, and
have claims for various sums due them for labor connected with a show.
Defendants conspired together to cheat them out of their wages, and,
with that view, carried the property to the edge of the Georgia line,
and discharged complainants without money.  Defendants are non-
residents and insolvent.  They include the head of the show, his wife
and others who claim an interest in or ownership of the property.
Complainants have attached it at law, some in a justice's and some in

the Superior Court, but were compelled to go security for each other, and the bonds may be held insufficient and the attachments dismissed. Some of them have laborers' liens foreclosed and have levied them. These creditors number all together about thirty-six. They fear that the property may be carried beyond the State and lost to them. Claims to a portion of the property attached have been put in by the wife of the leading defendant, and thus there are numerous attachments, levies and claims:

Held, that the complainants have no complete remedy at law, and equity will grant them relief.

5. This case does not fall within the ruling in Cubbedge & Hazlehurst *vs.* Adams, 42 Ga., 124, on the ground that complainants are not judgment creditors and cannot invoke injunction and the appointment of a receiver. They have general laborers' liens on all the property, and some of them have levied.

(a) Creditors' bills may be filed at the instance of any creditor, the privilege being extended to all to appear and become parties in a reasonable time, and the rights of creditors are to be favored by the courts and every remedy and facility afforded them to detect, defeat and annul any effort to defraud them of their just rights. Code, §§ 3148, 1945.

Judgment affirmed.

McCutchen & Shumate; S. P. Maddox; McCaney & Walker, for plaintiffs in error.

W. K. Moore; T. R. Jones; W. C. Glenn; B. Z. Herndon, for defendants.