## ORTON *et al. vs.* MADDEN *et al.*

1. Equity has jurisdiction concurrently with law in all cases of fraud; and courts of equity more readily raise and act upon a presumption of fraud than courts of law, from facts pointing thereto. In this case, rank fraud is admitted by the demurrer, covered up by three or four different claimants to the property, and it is quite difficult to determine against whom to proceed as the real owner.

2. In case of circuity of action and multiplicity of suits, where there are assets to be administered and disposed of among creditors, equity has jurisdiction; and it will entertain a bill to avoid a multitude of suits by establishing a right in favor of or against several persons which is likely to be the subject of legal controversy, or in similar cases. Although such a bill generally is filed to establish a right to property for which continuous suits are brought or threatened, yet it is applicable to such a contention over the only fund available.

3. A court of equity may appoint a receiver to take possession of and hold, subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss or destruction, or material injury to those interested, or where any fund or property may be in litigation and the rights of either or both parties cannot otherwise be fully protected.

4. A bill alleged as follows: Complainants are laborers, and have claims for various sums due them for labor connected with a show. Defendants conspired together to cheat them out of their wages, and, with that view, carried the property to the Georgia line, and discharged complainants without money. Defendants are non-residents and insolvent. They include the head of the show, his wife and others who claim an interest in or ownership of the property. Complainants have attached it at law, some in a justice's and some in the superior court, but were compelled to go security for each other, and the bonds may be held insufficient and the attachments dismissed. Some of them have foreclosed laborers' liens, and have had them levied. These creditors number all together about thirty-six. They fear that the property may be carried beyond the state and lost to them. Claims to a portion of the property attached have been put in by the wife of the leading defendant, and thus there are numerous attachments, levies and claims:

*Held*, that the complainants have no complete remedy at law, and equity will grant them relief.

5. This case does not fall within the ruling in *Cubbedge & Hazelhurst vs. Adams*, 42 *Ga.*, 124, on the ground that complainants are not judgment creditors and cannot invoke injunction and the appoint-

ment of a receiver. They have general laborers' liens on all the property, and some of them have levied.

(a.) Creditors' bills may be filed at the instance of any creditor, the privilege being extended to all to appear and become parties in a reasonable time; and the rights of creditors are to be favored by the courts and every remedy and facility afforded them to detect, defeat and annul any effort to defraud them of their just rights.

January 5, 1886.

Equity. Debtor and Creditor. Liens. Before Judge FAIN. Whitfield County. At Chambers. December 9, 1885.

Reported in the decision.

McCUTCHEN & SHUMATE; S. P. MADDOX: McCAMY & WALKER, for plaintiff in error

W. K. MOORE; T. R. JONES; W. C. GLENN; B. Z. HERNDON, for defendants.

JACKSON, Chief Justice.

This is the grant of an injunction and appointment of a receiver on a bill with amendments, which alone was before the chancellor, all its allegations being admitted as true, and no answer or other deposition being before the chancellor on the hearing. The bill was brought by laborers for weekly and monthly wages connected with the show against Orton, his wife and various other defendants who claim interest in or ownership of the property belonging to the show. The complainants allege that the defendants are about to move all their property, consisting of horses, etc., beyond the limits of Georgia, with a view to defeat the payment of debts owing to them for labor in various sums from some two hundred dollars down; that they brought their material to the verge of the Georgia line with that view; that they have fraudulently conspired and confederated, on their getting the property beyond the state, to divide the proceeds among themselves and

never pay complainants, but cheat them out of their labor; that defendants are insolvent and non-residents of this state; that to preserve this property is the only way by which their debts can be secured; that they have attached it at law, some in the justices' and some in the superior courts; that they have been discharged at Dalton without a dime, and are penniless and cannot follow defendants; that they fear the property may be lost to them, because they had to go each other's security, and the bonds may be held insufficient, and the attachments be dismissed for want of good security; that some of them have laborers' liens foreclosed and have levied them. The bill shows that they number some thirty persons as complainants, and some half dozen others, citizens of this state and not trav elers with the show. It also alleges that claims to the property attached are put in by Mrs. Orton to portions of the property, and thus there are numerous attachments, levies and claims, making a multitude of suits in different courts, trying cases at different times, and producing a multitude of confusion and perplexity, and an immense increase of costs to swallow up the only assets out of which they can recover their debts and on which they have laborers' liens.

The chancellor granted the injunction and appointed the sheriff, who had in hand much of the property attached, receiver, and these are the errors complained of and assigned.

1. Equity has jurisdiction concurrently with law in all cases of fraud. Code, §3172; 2 *Ga.*, 304. The courts of equity more readily raise and act upon a presumption of fraud than courts of law, from facts pointing thereto. 31 *Ga.*, 150. The rankest sort of fraud is admitted by the demurrer in this case, covered up by different claimants to the property in the show, there being three or four claiming proprietorship of the concern, and it being quite difficult to determine against whom to proceed as the real owner.

2. In case of circuity of actions and multiplicity of suits,

where there are assets to be administered and disposed of among creditors, equity has jurisdiction. Code, §3233, sub-sec. 2. The section reads as follows: "It being the interest of this state that there should be an end of litigation, equity will entertain a bill of peace . . . to avoid a multiplicity of suits by establishing a right in favor of or against several persons which is likely to be the subject of legal controversy, or in similar cases." Although such a bill is generally brought to establish a right to property for which continuous suits are brought or threatened, yet it is held applicable to such a contention over a fund, and the only fund available, as is the case here. The remedy by creditors' bill in such a case is recognized in *Ballen & Co. vs. Ferst & Co. et al.*, 55 *Ga.*, 546.

3. "A court of equity may appoint a receiver to take possession of and hold subject to the direction of the court any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested." Code, §3149. In the case at bar, there are assets on which these laborers have a lien, and the only chance to get their debts paid is these assets; they are in danger of absolute loss by being removed out of the state by insolvent debtors. There is "manifest danger of loss" and "of material injury" to complainants. Equity should lay its hand upon them and save these creditors. So, too, "when any fund or property may be in litigation, and the rights of either or both parties cannot otherwise be fully protected, . . . a receiver of the same may be appointed by the judge of the superior court having jurisdiction thereof, on a proper case made." Code, §274. These people cannot be fully protected otherwise, and the judge of the superior court having jurisdiction, that is, sitting as chancellor on a proper case made, should intervene and lay hands on the fund by his receiver for preservation and distribution among creditors.

4. These complainants have no complete remedy at law. They do not know which one of these fraudulent conspira-

tors to sue by attachment. If they had invoked the aid
of discovery, it is clear that they had the equitable remedy.
Shall they lose their equities because they would not give
the sworn answer equal to two witnesses to respondents,
who admit by demurrer that they are cheats and swindlers,
and conspirators to defraud these complainants? We
think not. If they sued at law by attachment or other-
wise, they could not well join all of them together as
owners, but in equity they can charge the truth, as they
believe it to be, and prove it as best they may. Claims
are interposed to the property attached, and the claims
are made by those who are part and parcel of the apparent
proprietors of the show, responsible, too, for these debts.
If tried at law, the claimant, not being sued, should he
win in the claim case, escapes with the fund, and the
remedy of complainants is gone; if in equity, all will be
held bound for the debt, and no matter whose property of
the fraudulent conspirators the items may turn out to be,
the fund will be at hand and liable for the debt. More-
over, these attachments may be dismissed because of ir-
regularity or insufficiency of bond, or because the property
was seized as that of the wrong man, and away it goes be-
yond the jurisdiction into Tennessee. Again, some attach-
ments are returnable to the superior, and others to the
justices' courts; some over and others under $100.00. How
can all the claimants of the fund be paid out of it? If
not enough for all, how, where, in what court but a court
of equity, can the rights of each and all be preserved and
prorated? Again, thirty-six cases, thirty-six claims, thirty-
six separate trials, what multiplicity is this, what an im-
mensity of costs! Instead of preserving the fund, it will be
absorbed by costs. One suit, one trial in a court of equity,
is much the better, the more adequate, the more complete
remedy for all. At all events, the chancellor did not
abuse his discretion in putting all the fund in the sheriff's
hands as receiver, instead of sheriff by name—in the hands
of the officer of court still. It can harm nobody; it seems

necessary to give complainants a complete remedy. to appoint a receiver and enjoin the defendants.

5. Nor is the case subject to the objection that complainants are not judgment creditors, and cannot invoke injunction and the appointment of a receiver in such a case, as held in *Cubbedge & Hazelhurst vs. Adams*[*] and following cases. They have liens on the property—general laborers' liens on it all, and some of them foreclosed, and can invoke equity to hold it for them, just as a mortgage or judgment creditor could do. By our statute, "creditors' bills may be filed at the instance of any creditor, the privilege being extended to all to appear and be made parties in a reasonable time." Code, §3148. " The rights of creditors should be favored by the courts, and every remedy and facility afforded them to detect, defeat and annul any effort to defraud them of their just rights," so again declares the statute law of Georgia. Code, §1945.

These complainants are creditors; they are laborers and creditors for labor done by them; they are lien creditors, and are about to be defeated by the entire loss of the only assets which their lien covers and can reach; their debtors are non-residents and insolvent; surely equity will relieve them, and though they are not permanent citizens of this state, the most of them, yet equity will do for them, while on the soil of Georgia, as much as she would for the citizens of the state. Therefore we see no error in the appointment of a receiver and the grant of the injunction.

Judgment affirmed.