CARRIE D. HOWELL ET ALS. v. CHARLES B. MEHEGAN ET ALS.

(Filed 19 September, 1917.)

**1. Wills—Death of Devisee—Lapsed Legacies—Statutes.**

A devise to a brother who dies before the testator does not come within the provision of Revisal, sec. 3144, as to "a child or other issue of the testator," and lapses by reason of his prior death to that of the testator.

**2. Same—Residuary Clause—Contrary Intent.**

A lapsed devise of lands will not fall within the residuary clause of a will, under the statute, Revisal, sec. 3142, where a contrary intent appears from the construction of a will itself; and where the testator has specifically devised his lands, making ample provision for his widow, and gives her, in the residuary clause, "all other property not herein specified," the use of the word "property," with the expression "not herein specified," shows the testator's intent that a lapsed devise of the realty should not fall within the residuary clause, but will go to the testator's next of kin instead of those of the widow or her devisees under her will.

CIVIL ACTION tried before *Whedbee, J.,* at the June Term, 1917, of EDGECOMBE.

This is an action to determine the title to land.

Francis L. Bond was formerly the owner of the land in controversy. He died leaving a last will and testament, the parts material to this controversy being as follows:

"To my brother, John M. Bond, the residue of lot No. 102, beginning at a point on Granville Street 115 feet 4 inches from the corner of Granville and Trade streets; thence running along the line of the part thereof devised to Mary Dawson and parallel with Trade Street a distance of 153 feet to Thomas Newton's line; thence along Thomas Newton's line parallel with Granville Street a distance of 38 feet 6 inches to the line of Robert C. Brown's line; thence along said Robert C. Brown's line to Granville Street a distance of 153 feet; thence along Granville Street a distance of 38 feet 6 inches to the beginning.

"After the death of my wife, Martha E. Bond, I give and bequeath to my nephew, James Mehegan, the old family Bible, to be kept throughout his generation, also the portraits of my father, stepmother and cousin, Elizabeth Lawrence. All other property of any kind not specified herein I give to my wife, Martha E. Bond."

Francis L. Bond left no children or grandchildren surviving him.

John M. Bond, the devisee in said item of the will, died intestate prior to the death of the testator Francis L. Bond, leaving surviving him several children, who are defendants in this action.

Martha E. Bond mentioned in said item has died since the testator, leaving a last will and testament devising her property to the plaintiffs in this action.

The heirs of Francis L. Bond, the testator, are also defendants.

The plaintiffs contend that John M. Bond having died before the testator, the devise to him lapsed and passed to Martha E. Bond as residuary devisee, and then to the plaintiffs by her will.

The defendants, the children of John M. Bond, contend that the devise did not lapse; that their father was the owner of said land in fee under the will, and that they are the owners of it by inheritance from their father.

The defendants, the heirs at law of Francis L. Bond, contend that the devise did lapse, but that it did not fall into the residuary clause because of the language contained therein "not specified herein." They further contend that upon an inspection of the whole will it appears that it was not the intention of the testator that said land should pass to Martha E. Bond, and that if either contention is true, Francis L. Bond died intestate as to the land devised to John M. Bond, and that they are the owners as the heirs of said Francis L. Bond.

His Honor held with the plaintiffs and rendered judgment accordingly, and the defendants appealed.

*G. M. T. Fountain & Son for plaintiffs.*

*James M. Norfleet, A. W. MacNair, and John J. Wicker for defendants.*

ALLEN, J. The devise to John M. Bond lapsed by reason of his death prior to the death of the testator, and he does not come within the exception to the rule provided for in section 3144 of the Revisal because he was not "a child or other issue of the testator." The heirs of John M. Bond have, therefore, no title to the land in controversy.

Did the land devised to him pass to Martha E. Bond as residuary devisee, or did Francis L. Bond die intestate as to this land? This pre-

sents the question at issue between the plaintiffs and the defendants, who are heirs of Francis L. Bond.

The statute (Rev., sec. 3142) provides that, "Unless a contrary intention shall appear by the will, such real estate or interest therein as shall be comprised, or intended to be comprised, in any devise in such will contained, which shall fail or be void by reason of the death of the devisee in the lifetime of the testator, or by reason of such devise being contrary to law or otherwise incapable of taking effect, shall·be included in the residuary devise (if any) contained in such will."

This establishes the rule that void and lapsed devises pass under a general residuary clause unless a contrary intention appears from the will, but, as said in *Sorrey v. Bright,* 21 N. C., 116, "The rule itself is not founded upon the actual intention of the testator to include everything, for often—nay, generally—there is probably a contrary intention, as every man must be supposed to consider each particular disposition of his will valid and to expect it to take effect. But the rule is an inference from the presumed general intention not to die intestate as to anything when there is a gift of the general residue. Doubtless it may be restricted by the special wording of the will. If the residue given is partial, that is, of a particular fund, the rule has no application. So, where it is clear from the residuary clause itself or other parts of the will that the testator had in fact a contrary intention, namely, that the residue should not be general, and that things given away, or which the will professed to give away, should not fall into the residue."

Is there evidence in the will of a contrary intent? We think so, and that it is conclusive when the language of the residuary clause is considered in connection with the whole will. We might rest our judgment on the use of the word "property" in the residuary clause under *Holton v. Jones,* 133 N. C., 400, in which the language used was "all such property that is not itemized and bequeathed or devised herein," and the Court said, "It is clear that in using the word 'property,' he intended to refer to personal property, because he had expressly itemized and devised the land," but there is also authoritative decision on the words "not specified herein."

In *Fiemster v. Tucker,* 58 N. C., 72, the language in the residuary clause was "all the property left to the use of my wife that is not herein otherwise directed," and the Court said in reference to a void bequest, which it was contended passed under the residuary clause, "It is clear, too, as we think, that the residue given by the seventeenth clause is also a special one, and cannot have the effect to dispose of these slaves. The clause directs that all the property left to the use of the testator's wife that is not 'otherwise directed' be sold by the executors at the wife's death, marriage or removal out of the county, on a credit of twelve

months, and the proceeds divided," etc.  And in *Lea v. Brown,* 56 N. C.,
150, the Court says, while discussing the same question, "By the fifth
item he gives the *'remainder of my slaves not herein specifically be-
queathed'* to certain legatees, among whom he directs they shall be
divided so as not to separate families, and *'in no event to sell them for
a division';* and in providing a subdivision, he again repeats, 'in this
division there must be no sale,' etc.  This is not a general residuary
clause, and the mind rejects at once the suggestion that it was intended
to include in it the slaves in controversy.  They are as clearly excluded
from it as if the testator had specially excepted them by name."

The case of *Hughes v. Allen,* 31 Ga., 382, is a leading authority in
which the testator bequeathed certain slaves, and the bequest was held
to be void.  The residuary clause gave "all other property belonging to
me and *not heretofore specified,"* and it was held that the subject-matter
of the void bequest did not pass under the residuary clause, since the
language "not heretofore specified" evinced a clear intent on the part
of the testator to exclude from the operation of the residuary clause the
property, inasmuch as it had been theretofore "specified."

The Court, after stating the general rule as to the scope and inclu-
siveness of residuary clauses, declares the exception as follows:

"A testator may by the terms of his bequest so narrow the title of
the residuary legatees as to exclude them from lapsed and void bequests.
We apprehend this principle to be incontrovertible.  (Citing numerous
authorities.)  We have searched carefully for any decision, cited by
counsel or in the libraries, that meets this case, and we have been unable
to find one.  In many of the wills, whose residuary clauses I have copied,
they might seem to be the same upon casual inspection, *but the differ-
ence is fundamental.*  A testator might say 'all the rest of my property
not heretofore disposed of,' etc., and a void bequest would pass under it.
And why?  Because an ineffectual disposition is no disposition.  But the
term 'not heretofore specified' is a term of *identification,* and applied as
well to a lapsed or void legacy as to a valid one.  And that is this case."

It is not necessary to discuss in detail the authorities relied on by the
appellee.  They establish the principle, which is not controverted, that
no contrary intent appearing, a void or lapsed legacy or devise passes
under a general residuary clause, but in none of them was language
present, such as is in the will before us, which, in our opinion, shows a
contrary intent.  A consideration of the whole will confirms the con-
clusion we have reached, that the devise to John M. Bond did not pass
under the residuary clause.

In the first item of the will the testator gives to his wife, Martha E.
Bond, in fee, his residence lot and two other lots in Tarboro.  In the
second item he gives to his wife his household and kitchen furniture,

certain articles of personal property, and all his money, notes, and accounts. In the third item he gives and devises to his said wife all the residue of his property and estate during the term of her life, subject only to the payment of taxes and two small sums annually, during her life, to two persons named in the item. In the fourth and fifth items he directs his executors to rent out the property devised and bequeathed to his wife during her life, after her death, and to use the proceeds in the payment of certain specified amounts and certain expenses. In the sixth item, "after the payment of all these expenses," he devises one of the lots given to his wife for life to the Ancient York Masons. In the seventh item, "after the payment of all said expenses," he gives and devises to his nephew and nieces and his brother all of the remainder of the land devised to his wife during her life, specifically describing the lot given to each, and in this item we find the devise to John M. Bond.

It therefore appears from the will that the testator made ample provision for his wife, and that John M. Bond was not to take until after her death and after the payment of certain expenses to be derived from the rental of the land after she died, and if so, it could not have been in the mind of the testator to give to his wife, by words importing a gift to a living person, land which John M. Bond could not take prior to her death.

We are therefore of opinion that his Honor was in error in holding that the plaintiffs, as heirs and devisees of Martha E. Bond, are the owners of the land in controversy, and we hold that Francis L. Bond died intestate as to the land devised to John M. Bond, and that it now belongs to the defendants, who are his heirs.

Reversed.