CROCKETT *v.* TRIPP *et al.*

No. 6728.   November 15, 1928.

324

*C. C. Crockett,* for plaintiff in error.    *G. H. Williams,* contra.

GILBERT, J. 1. "When . . property may be in litigation, and the rights of either or both parties can not otherwise be fully protected, . . a receiver of the same may be appointed (on a proper case made)." Civil Code (1910), § 5475. "Courts of equity shall have authority to appoint receivers to take possession of and protect trust or joint property and funds, whenever the danger of destruction and loss shall require such interference." § 5476. "A court of equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested." § 5479; *Orton* v. *Madden, 75 Ga.* 83 (3).

2. The court was authorized to find that the real property was jointly owned by plaintiffs; that it was heavily incumbered; that none of them were competent to manage it, or to pay off the incumbrances so as to preserve their equity; that tax executions had issued and levies thereof had been threatened; that foreclosure was imminent; that defendant Crockett had by contract with such owners become agent and had exclusive control, coupled with stipulated obligations looking to preservation; that his duties were in the nature of a trusteeship; that he had failed to pay off matured interest charges, debts, and liens; and that he had indicated in open court, on the interlocutory hearing, his refusal to further carry out his obligations under the aforesaid contract. Under the pleadings and the evidence, the discretion of the trial judge in appointing a receiver and granting an interlocutory injunction will not be interfered with at the instance of plaintiff in error. This is especially true when the court provided in the judgment a full recognition of the indebtedness to defendant Crockett, and provided for its extinguishment first in order from the funds received. See the judgment quoted in the statement of facts. *Judgment affirmed. All the Justices concur.*