DeLAPERRIERE *v.* WILLIAMS *et al.*

No. 6708. JANUARY 16, 1929.

650

*John I. Kelley* and *Joseph D. Quillian*, for plaintiff.

*G. A. Johns* and *Erwin, Erwin & Nix*, for defendants.

HINES, J. 1. The conveyance from the husband to petitioner and from the latter to the wife of the former were fraudulently executed, because made to delay, hinder, and defraud the creditors of the husband, and the petitioner participated in the fraud. In these circumstances the court of equity will not help the petitioner to cancel such deed or to avoid its effect by showing that it was fraudulent. If two parties confederate for the purpose of defrauding the creditors of one of them, and in pursuance thereof the debtor executes and delivers a deed conveying land to the other, and procures the grantee in such deed to convey the same to the wife of the grantor, equity will not help the grantee in the first deed to cancel the same or to avoid its effect by showing that it was fraudulent. In such circumstances the law will leave the parties where it finds them. *Sewell* v. *Norris*, 128 *Ga.* 824 (58 S. E. 637, 13 L. R. A. (N. S.) 1118).

2. Notwithstanding the above ruling, the court erred in sustaining the general demurrer of the wife to the petition as a whole, and in dismissing the same. In the tenth paragraph of the petition it is alleged that the husband made other and numerous transfers of valuable real estate to his wife, without consideration, and fraudulently for the purpose of delaying, hindering, and defrauding his creditors, but that petitioner is unable to determine just where said real estate is situated, and that the only way in which information as to said transfers can be obtained is by a thorough investigation of said matter. The demurrer admits these allegations. It is not alleged, and it does not appear, that petitioner participated in these transfers. This being so, the petition would not be subject to the ground of general demurrer asserting that petitioner did not come into court with clean hands, which

ground the trial judge sustained. The fact that petitioner participated in the fraudulent transaction referred to in the first division of this opinion would not prevent him from attacking these transfers upon the ground that they were fraudulently made to defeat, hinder, and defraud him as a creditor of the husband. The rule that a complainant must come into equity with clean hands does not go so far as to prohibit a court of equity from giving its aid to him because in another similar transaction he had acted fraudulently. In *Ansley* v. *Wilson, 50 Ga.* 418, Judge McCay said: "The rule that a complainant must come into equity with clean hands does not go so far as to prohibit a court of equity from giving its aid to a bad or faithless man. The dirt upon his hands must be his bad conduct *in the transaction complained of.* All complainants in equity are human beings, full of faults and sin; and I doubt if there is one case in ten in which the complainant is not somewhat to blame. If the complainant does equity himself, or offers to do it (except in those cases where the rule in pari delicto etc. comes in), his hands are as clean as the court can require." In *Employing Printers Club* v. *Doctor Blosser Co., 122 Ga.* 509 (50 S. E. 353, 69 L. R. A. 90, 106 Am. St. R. 137, 2 Ann. Cas. 694), this court ruled: "A former member of an illegal combination, whose connection with it was severed before the filing of the suit, will not be denied the protection of a court of equity against an illegal act of such combination because of his previous connection therewith." It is true that the wife demurred specially to this paragraph of the petition, upon the ground that it failed to specify the real estate fraudulently conveyed to her by her husband. The court did not pass upon this ground of demurrer; and if the court had undertaken so to do, the petitioner might have amended his petition so as to meet this ground. The court sustained a general ground of demurrer, which attacked the petition upon the ground that petitioner did not come into court with clean hands, and dismissed the case. The court erred in dismissing the petition as a whole upon the general demurrer.

3. The trial judge ruled that petitioner could not proceed in this case in a court of equity, because he had a remedy at law by process of garnishment, in the absence of an allegation that the son of the debtor was insolvent. It is true that this court, in *Jaques & Tinsley Co.* v. *Carstarphen Co., 131 Ga.* 1 (62 S. E. 82),

held that effects of a debtor in the possession of another under a transfer or conveyance fraudulent as to creditors could be reached by garnishment. The court was not dealing with the question whether a court of equity had concurrent jurisdiction in such case, nor with the question whether a court of equity, after having taken jurisdiction, could force the creditor to resort to the legal remedy of garnishment, nor with the question whether in all cases process of garnishment affords to the creditor a full, complete, and adequate remedy. "In all cases of fraud (except fraud in the execution of a will) equity has concurrent jurisdiction with the courts of law." Civil Code (1910), § 4621. This section was codified from *Trippe* v. *Ward*, 2 *Ga*. 304, in which the principle is stated thus: "In cases of fraud (with the exception of fraud in obtaining a will) courts of equity and courts of law have concurrent jurisdiction, and the court which first acquires jurisdiction is entitled to retain it." Mr. Justice Story declares the rule to be: "And with the exception of wills, as above stated, courts of equity may be said to possess a general and perhaps a universal concurrent jurisdiction with courts of law in cases of fraud cognizable in the latter; and exclusive jurisdiction in cases of fraud beyond the reach of the courts of law." 1 Story's Equity Jurisprudence (14th ed.), § 260. In *Smith* v. *Gettinger*, 3 *Ga*. 140, 145, Judge Nisbet, who delivered the opinion of the court, said: "It is not enough to say that the party has a remedy in equity; for over questions of fraud the jurisdiction by express statute, and indeed by the general law, in courts of law and equity is concurrent." In *Griffin* v. *Sketoe*, 30 *Ga*. 300, it was held that "In matters of fraud the party aggrieved has a right to go into either a court of equity or law for relief; and having gone into equity, he can not be sent back to a court of law, although his remedy there might be equally adequate." The ruling in that case was based upon the principle set out in the above section of the Code.

"If A fraudulently transfer property to B to avoid the payment of his debts, the remedy by garnishment against B is not so full and complete as a proceeding in chancery." *Phillips* v. *Wesson*, 16 *Ga*. 137. The principle announced in this case has never been reversed. It is true that in *Jaques & Tinsley Co.* v. *Carstarphen Co.*, supra, this court held that a suggestion thrown out in this case, to the effect that garnishment might not lie as a remedy in a case of this

kind, was not a holding to that effect; but this court did not rule that a court of equity was without jurisdiction in a case of this kind. It may be noted that the suggestion, which was disapproved by this court in *Jaques & Tinsley Co.* v. *Carstarphen Co.*, supra, was referred to approvingly in *Mott* v. *Semmes,* 24 *Ga.* 540, in *Conyers* v. *Bowen,* 31 *Ga.* 382, and in *Bowling* v. *Amis,* 58 *Ga.* 400. In *Conyers* v. *Bowen,* this court said: "In *Phillips* v. *Wesson,* . . this court maintained a bill upon a slighter ground than this rests, owing to the obstacles which might be interposed to garnishment process." In that case this court further held: "Where parties are already in a court of equity, and the remedy at law is not likely to afford full, adequate, and complete relief, they will not be driven into another forum." In the case last referred to an equitable petition was sustained upon the grounds both that the garnishee was insolvent and that equity had jurisdiction. After referring to the insolvency of the garnishee as a ground of equitable relief, Judge Bleckley said: "Besides, taking the whole case, there is, if the bill be true (and the demurrer admits it), a fraud to deal with, committed by the father and son together; and in cases of fraud equity has concurrent jurisdiction with courts of law," citing the code section which gives to a court of equity concurrent jurisdiction with a court of law in cases of fraudulent transfers and conveyances. Consequently, in cases of fraudulent transfers or conveyances of property by a debtor to defeat, hinder, or defraud his creditors, a court of equity has concurrent jurisdiction with the courts of law, and the court first taking jurisdiction will exercise the same, and not force a complainant to go into a court of law. Does process of garnishment furnish to a creditor in all cases as full, complete, and adequate remedy as a court of equity for annulling fraudulent conveyances and transfers of property made to defeat the creditor? In *Phillips* v. *Wesson,* supra, it was said: "At any rate this legal remedy is not complete." In *Conyers* v. *Bowen,* supra, this court said: "In addition to the discovery which is sought, the common law remedy by process of garnishment is not so complete. Indeed it is not an adequate remedy."

Sustaining this petition will avoid a multiplicity of suits. If we turn the plaintiff out of a court of equity, he will have to bring separate garnishment proceedings against the several defendants; and will thus be driven to a circuity of actions and a multiplicity

of suits. The petition alleges that the fraudulent acts of the defendants were made in concert. In the circumstances of this case equity affords a fuller, better, and more adequate remedy than driving the petitioner into courts of law to assert his rights.

*Judgment reversed. All the Justices concur.*