## WOLF v. STIX.

A decree dismissing a bill in chancery brought to recover a debt and set aside an alleged fraudulent sale of property, was, on appeal, reversed, and a decree rendered by the Supreme Court of the State against the appellee for the amount of the debt, and an execution awarded. Thereupon the appellee, who, pending the appeal, and more than three years before the date of the decree, had obtained a discharge in bankruptcy, petitioned the Supreme Court to set aside its decree, and either permit him to plead his discharge there, or remand the cause, so that he might plead it in the inferior court. The court, upon the ground that no new defence could be made there, refused the petition, and permitted the decree to stand as entered. *Held*, 1. That upon the face of the record proper no Federal question was raised. 2. That the action upon the subsequent petition did not place the petitioner in a better position to invoke the jurisdiction of this court.

MOTION to dismiss a writ of error to the Supreme Court of the State of Tennessee.

*Mr. Josiah Patterson*, for the defendant in error, in support of the motion.

*Mr. William M. Randolph, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a bill in chancery, filed by Louis Stix & Co. in the

Chancery Court of Shelby County, Tennessee, in accordance with the laws and practice of that State, against Marks, Pump, & Co. and M. Wolf, to recover a debt due them from Marks, Pump, & Co., and to set aside a sale of goods by the latter firm to Wolf, because, as alleged, it was made to defraud creditors. A writ of attachment was sued out upon this bill, and the goods were attached in the possession of Wolf.

By the Code of Tennessee (sect. 3509), the defendants to an attachment suit may replevy the property attached by giving bond, with good security, payable to the plaintiff, in double the amount of the plaintiff's demand, or, at the defendant's option, in double the value of the property attached, conditioned to pay the debt, interest, and cost, or the value of the property attached, with interest, as the case may be, in the event he shall be cast in the suit; and in such case (sect. 3514), the court may enter judgment or decree upon the bond, in the event of a recovery by the plaintiff, against the defendant and his sureties, for the penalty of the bond, to be satisfied by the delivery of the property or its value, or payment of the recovery.

Wolf replevied the property attached in this case, claiming to be the owner, and gave a replevin bond with Lowenstein and Helman as his sureties, in which the goods were valued at $10,000. In December, 1872, the Chancery Court decided that there was no fraud in the sale to Wolf; and Marks, Pump, & Co. having been discharged in bankruptcy from their debt, the bill was dismissed. From this decree Stix & Co. appealed, March 21, 1873, to the Supreme Court. March 28, 1874, Wolf obtained a discharge in bankruptcy from his debts. April 28, 1877, the Supreme Court reversed the decree of the Chancery Court in the suit of Stix & Co., and entered a decree against Wolf, and Lowenstein and Helman as his sureties in the replevin bond, for $16,200, the value of the goods and interest, and awarded execution thereon. May 3, 1877, Wolf and his sureties petitioned the court to set aside this decree, and permit them to come in and plead in that court the discharge of Wolf, or, if that could not be done, to remand the cause, after reversing the decree below, so that the defence might be made in the Chancery Court; but the Supreme Court being of the opinion that no new defence could be made in

that court, and that it was not allowable to set up the defence in bankruptcy by any proceeding there for that purpose, refused the petition, and permitted the decree to stand as already entered.

From this statement of the case it is apparent that no Federal question was actually decided by the court below and that none was involved in the decision as made. The discharge in bankruptcy was granted more than three years before the action of the Supreme Court which is complained of, and no attempt was made to bring it to the attention of that court until after a decree had been entered in the cause. Upon the face of the record proper, therefore, no Federal question could have been decided, because none was raised.

But upon the case as made by the subsequent petition to set aside the decree the parties occupy no better position, because the court did not decide that the discharge was inoperative as a release of the obligation involved in the suit, but only that the defence of a discharge in bankruptcy after the decree below could not be set up in the Supreme Court, as no new defence could be made there. Such a defence may be made in Tennessee by bill in chancery after the decree in the Supreme Court, but not by the suggestion of the fact in that court. It was so decided in *Anderson* v. *Reaves* at the January Term, 1877, of the Supreme Court of that State, as is shown by a copy of the opinion printed with the brief filed on behalf of the defendant in error in support of this motion. Thus it appears that even upon this motion no Federal question was actually decided, and that, according to the law of Tennessee, none was involved. We see no reason why, according to the practice in that State, the plaintiffs in error are not still at liberty to enforce the discharge in bankruptcy against the decree of the Supreme Court by bill in chancery.

*Writ dismissed.*