ISAAC B. KIRTLAND v. MISSISSIPPI & TENNESSEE RAIL-
ROAD COMPANY.

CHANCERY PLEADINGS AND PRACTICE. *Cross-Bill after decree in
Supreme Court. Endorser's payment.* The payment by accom-
modation endorsers of a judgment at law against them in depre-
ciated bank notes furnished by their principal, will be a satis-
faction of a subsequent decree in equity against the principal
for the same debt, and, where the suit in equity was pending in
the Supreme Court at the time of the payment, the defense may
be made by cross bill filed before or after the final decree of
the Supreme Court.

---

FROM SHELBY.

---

Appeal from the Chancery Court at Memphis,.
R. J. MORGAN, Ch.

W. M. RANDOLPH for Complainant.

C. F. VANCE for Defendants.

COOPER, J., delivered the opinion of the Court.

On the 31st of October, 1860, F. H. Cossitt
sold and conveyed to the Mississippi & Tennessee
Railroad Company a tract of land, reserving on
the face of the deed a lien for the payment of
the purchase money, evidenced by two notes—one
for $5,717.37 and the other for $6,041. The first

of these notes was transferred by Cossitt to the Bank of West Tennessee. This note was renewed several times upon the payment of the interest, the last renewal bearing date May 6th, 1862, at four months, with F. M. White and C. F. Vance as accommodation endorsers. The bank transferred this note. to the complainant, Isaac B. Kirtland. He brought suit at law against the railroad company and the endorsers, and, afterwards, on the 17th of April, 1866, filed the original bill in this cause against the same parties, to enforce the lien reserved on the face of the deed for the payment of the purchase money. The plaintiff afterwards dismissed his suit at law as to the railroad company, and his suit in equity as to the endorsers, White and Vance.

On the 23rd of April, 1868, Kirtland recovered judgment at law against the endorsers for the full amount then due upon the note.

On the 10th of March, 1868, a decree was rendered in this suit in favor of Kirtland against the railroad company for the amount due upon the note, but the Chancellor held that the recovery was no lien on the land, and that it might be paid in the notes of the Bank of West Tennessee. The complainant appealed to this Court, and the latter part of the decree was reversed, and a decree rendered declaring that the recovery was a lien upon the land, and was not required to be paid in the notes of the Bank of West Tennessee. The land was ordered to be sold in satisfac-

tion of the decree, if the amount was not paid by the company within a given time. Afterwards, at the same term, upon an affidavit of the defendants' counsel that the judgment at law had been paid, under an order of that Court, in the notes of the Bank of West Tennessee, the Court ordered the cause to be remanded to the Chancery Court for the execution of the decree.

During the same term at which the judgment at law had been rendered in favor of Kirtland against White and Vance, on the 20th of May, 1868, the defendants came into court, tendered and paid into court the amount of the judgment, with the interest which had accrued thereon, in the bills of the Bank of West Tennessee, and moved the Court for a rule upon the plaintiff requiring him to accept the same in satisfaction of the judgment. The rule was granted, upon consideration whereof, after argument on both sides, the plaintiff was ordered to accept the sum so tendered in full satisfaction of the judgment, and the Clerk was directed forthwith to pay the same to the plaintiff, taking his receipt therefor.

The Clerk paid the money to the plaintiff, and entered satisfaction of the judgment, on the same day, May 20th, 1868.

The plaintiff excepted to the orders of the Court, but took no appeal.

The notes of the Bank of West Tennessee were then worth in the market about thirty cents in the dollar.

After this cause was remanded to the Chancery Court, on the 12th of February, 1875, the parties entered into an agreed statement embodying the foregoing facts.

The plaintiff, while agreeing to the facts, added: " But the plaintiff insists that the Court cannot take cognizance of them, and objects to their being considered or taken notice of in any form or for any purpose whatever." He further insists that he was entitled to the immediate execution of the decree of the Court under the *procedendo* awarded as aforesaid.

On the 5th of March, 1875, the cause was heard upon the motion of the plaintiff to have the decree executed, and upon the agreed statement of facts, upon consideration whereof, the Chancellor was of opinion that the decree had been fully paid and satisfied. The motion was disallowed with costs, and the plaintiff appealed.

The judgment recovered by the plaintiff at law, on the note in controversy, against the accommodation endorsers, was obtained after the rendition of the decree in equity against the railroad company, and the subsequent proceeding of the 20th of May, 1868, touching the tender and payment of the notes of the Bank of West Tennessee, were had while the equity cause was in this Court by appeal. The object of applying for a remand of the cause to the Cnancery Court after the rendi-

tion of the decree in this court was, doubtless, to test the question whether the payment by the endorsers and acceptance by the plaintiffs of the notes of the Bank of West Tennessee, was a satisfaction of the plaintiff's entire demand. No doubt the question might have been tested immediately after the notes were paid out to the plaintiff, by a cross-bill in this cause, bringing the new facts before the court, and enjoining further proceedings under the appeal to this court until the rights of the parties could be determined upon the new matter: *Morrison* v. *Searight*, 4 Bax., 479. But it is equally clear that this new matter, which could not be used directly in the Supreme Court, which had occurred after the appeal, and which, if a defense at all, was a defense to the enforcement of the judgment or decree of the Supreme Court, might be brought forward by an original bill in the nature of a cross-bill, or, by leave of the Court, by cross-bill proper: *Roberts* v. *Peavy*, 9 Foster, 372; *Montgomery* v. *Olwill*, 1 Tenn. Ch., 169. This is the settled rule in the case of the defense of a discharge in bankruptcy pending an appeal in this court: *Dick* v. *Powell*, 2 Swan, 632; *Anderson* v. *Reaves*, 1 Tenn. Leg. Rep., 129; *Eberhardt* v. *Wood*, 2 Tenn. Ch., 490; *Wolf* v. *Stix*, 96 U. S., 543. In such a case, where the party is only resisting a demand which he has been constantly opposing, the remedy is open whenever the demand is sought to be enforced: *Lewis* v. *Brooks*, 6 Yer., 167.

The voluntary act of the plaintiff in joining the defendant in making an agreed statement of facts for the consideration of the Court, upon the point of controversy between them, cannot be considered otherwise than as a waiver of formal pleadings, and a consent to have the matter determined upon its merits.

The formal protest of the plaintiff, embodied in the statement, cannot mean that the rights of the parties in the matter shall not be determined at all, for that would be inconsistent with the act of joining in the agreed statement. What the plaintiff intended thereby was to claim that, no matter whether the proceedings were formal or informal, his rights acquired by the decree could not be prejudiced by the facts agreed to. In other words, what is said is equivalent to a demurrer to a bill, or cross-bill, by defendant, setting out the facts as embodied in the agreed statement, and praying that the decree be declared satisfied. Undoubtedly, the plaintiff is entitled to have his rights declared as upon such a formal bill and demurrer thereto. He is not to be prejudiced by the form in which the matter of controversy is presented.

In this view, the question is whether, upon a formal bill, the defendant is entitled to have the decree in this cause declared satisfied because of the satisfaction of the judgment at law against its accommodation endorsers, by the payment to the plaintiff of the notes of the Bank of West Tennessee. If the judgment had been paid in full

by money at par, it is clear the debt would be extinguished. For, however many parties the creditor may have bound for his debt, and however many separate judgments he may recover against them, he is only entitled to one satisfaction.

It has been expressly held by this Court, that the payment by the endorser of a note or a judgment against him on the endorsement, will, by operation of law, satisfy a judgment of the same creditor against the maker of the note: *Topp* v. *Branch Bank of Alabama*, 2 Swan, 184.

It has also been held that the collection of one of several judgments against *tort feasors* for the same wrong will satisfy the other judgments: *Knott* v. *Cunningham*, 2 Sneed, 204.

No doubt an endorser is, ordinarily, entitled to the evidence of the debt which he pays, and, if that be merged in a judgment, to the judgment: *Eno* v. *Crooke*, 10 N. Y., 66. And the error in the case of *Topp* v. *Branch Bank of Alabama*, if there be error, was in overlooking the endorser's right of subrogation by operation of law, and considering it as resting solely on the subsequent formal assignment of the judgment treated as satisfied by the endorser's payment.

In this case no such question arises; for the agreed statemant of facts shows that the notes of the Bank of West Tennessee, which were used by the endorsers in paying the judgment against them,

were furnished by the present defendant. If, therefore, the satisfaction of that judgment satisfied also the decree in this case, the satisfaction was with the money of the defendant, and the endorsers have no claim of subrogation.

The judgment creditor, all the authorities agree, may accept payment in any manner, or in any kind of currency, and having once accepted currency, note, check or any other article of value as a substitute for a legal tender, cannot revoke his acceptance and enforce payment in money: Freeman on Judg., sec. 463. A payment in Confederate notes is good, if received: *Cross* v. *Sells*, 1 Heis., 83. So is a payment in genuine bank notes, although the bank had, in fact, previously failed, of which the parties were ignorant: *Scruggs* v. *Gan*, 8 Yer., 175; *Ware* v. *Street*, 2 Head, 612. A payment in depreciated bank paper, if taken as money, absolutely, without condition, and with a full knowledge of the facts, is undoubtedly good. Such paper would be money as defined by this Court, although under par, and, if voluntarily received in satisfaction, would extinguish the debt: *Crutchfield* v. *Robbins*, 5 Hum., 15; *Burford* v. *Memphis Bulletin Company*, 9 Heis., 694.

This conclusion does not depend upon the *res adjudicata* of the proceedings at law upon the tender of the bank notes.

If those proceedings were valid, they were, of course, conclusive, never having been reversed. If void, their invalidity made the receipt of the

money in satisfaction the voluntary act of the creditor. In either view, the payment extinguished the debt, and all judgments or decrees based thereon.

The decree of the Chancellor must be affirmed, with costs.