CASE 95—PETITION ORDINARY—JANUARY 24.

# Steele v. Meade.

APPEAL FROM BOYD CIRCUIT COURT.

ELECTIONS—SUIT TO RECOVER OFFICE—CERTIFICATE OF CANVASSING BOARD.—A candidate for clerk of the circuit court who had received his certificate of election from the County Canvassing Board was entitled to recover the office from the opposing candidate who was holding over after the expiration of his term under a former election. If the canvassing board improperly performed its duty the writ of mandamus was the defendant's proper remedy, but if it did so properly according to the returns before it, the remedy was by inaugurating a contest before the proper board.

WM. H. HOLT FOR APPELLANT.

1. The petition was defective in failing to allege that plaintiff was elected or received a majority of the votes.
2. The court erred in refusing a jury trial. This action is equivalent to the old one of *quo warranto* which was triable by a jury. (Civil Code, sec. 480, 312, 483.)
3. It was error to strike out of the answer the defense based upon the mandamus suit and the judgment in it.
4. The return or certificate of the canvassing board is only *prima facie* and not conclusive evidence of right. (Carpenter v. Ely, 4 Wis., 451; Judson v. Thacher, 55 N. Y., 530; State v. Buckland, 23 Kan., 259.)

THOMAS R. BROWN FOR APPELLEE.

The appellant's only remedy was a contest. (Stine v. Berry, 16 Ky. Law Rep., 272; Broadus v. Mason, *Idem*, 38; Clark v. McKenzie, 7 Bush, 523.)

THOMAS H. HINES OF COUNSEL ON SAME SIDE.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellee was duly elected to the office of clerk of the circuit court of Boyd county at the November election, 1892. He obtained his certificate to that effect from the county

canvassing board, and afterwards took the oaths and executed the bond required of such clerks in the manner prescribed by law.    His opponent at that election was the appellant, who was then the incumbent of the office, but whose term expired in January, 1893.

It appears that appellant, claiming to have received the highest number of votes, had sought by mandamus to compel the canvassing board to re-canvass the vote and issue the certificate of election to him, and when in January the office was demanded of him he refused to vacate, and this suit was then brought by the appellee for the office.    Judgment resulted for the appellee.

If the canvassing board improperly performed its duty, then the writ of mandamus was the proper remedy; but if it did so properly, according to the returns before it, the remedy of the appellant was by inaugurating a contest before the proper board, as provided by statute in such cases. That the canvassing board fully performed its duty has been determined by this court in Houston v. Steele (*ante* 596).    And that the exclusive remedy provided in such cases for invalidating or impeaching the certificate of the canvassers was, by a contest before the proper board is settled in Stine v. Berry, 96 Ky., 63.

The only issues in the case were issues of law, and the court properly determined them without the intervention of a jury.

Judgment affirmed.