HOWELL *et al. v.* PATE *et al.*

119　537
119　978

TURNER, J. 1. The act of December 12, 1859, to incorporate the town of Warrenton (Acts of 1859, p. 210), was, in so far as it limited to white persons the right to vote in municipal elections held in that town, modified by the fifteenth amendment to the constitution of the United States (McCrary on Elec. (4th ed.) 31 ; 6 Am. & Eng. Enc. Law (1st ed.), 260, note 4 ; 10 Am. & Eng. Enc. Law (2d ed.), 573), as well as by the provisions of article 2 of the constitution of this State, adopted and ratified in 1868. Code of 1873, § 5027 ; Civil Code, § 5737.

2. The exclusion, solely on account of color, of persons qualified and offering to vote at the late municipal election in that town, there being a sufficient number excluded to have altered the result of the election, rendered it void. Spence *v.* Judge, 13 Ala. 805 ; Pennington *v.* Hare, 60 Minn. 146 ; Hartt *v.* Harvey, 19 How. Pr. 245, 32 Barb. 55 ; Webster *v.* Byrnes, 34 Cal. 273.

3. This being so, the defeated candidates could not, as such, have gained anything by contesting the election ; and it was their right, in their capacity as citizens and taxpayers of the town, to institute quo warranto proceedings against such of their opponents as were illegally installed in office under that election. *Davis* v. *Dawson,* 90 *Ga.* 817.

4. The mayor and commissioners of Warrenton, being elected by the same constituency and at the same time, and having joint functions to perform in connection with municipal affairs (Acts 1859, p. 210 ; Acts 1899, p. 299), could properly be joined as defendants to the petition filed in this case, the right of each to hold office being altogether dependent upon the validity of the election above referred to.    State *v.* Kearn, 17 R. I. 391 ; Reg. *v.* Whitehorn, 10 Mod. 65 ; Com. *v.* Stevens, 168 Pa. St. 582.

*Judgment reversed.    All the Justices concur, except Simmons, C. J., absent.*

Argued February 1, — Decided February 16, 1904.

Quo warranto.   Before Judge Holden.   Warren superior court. January 4, 1904.

An election for mayor and five commissioners of Warrenton was held on December 9, 1903.    Upon the face of the returns, Pate et al. were elected by majorities of 20 to 22 votes.    They assumed charge of the offices, and Howell et al., who were candidates at the election, presented their petition for leave to file an information in the nature of a writ of quo warranto,.on the ground that forty-five named persons of color, who were registered voters residing within the town, and who would have voted for the petitioners, were excluded from voting by the managers of the election, because, under the charter of the town, the right to vote for officers thereof was limited to white persons.    Pate et al. demurred generally, and for misjoinder of parties, and because the exclusive remedy of the petitioners was by contest before the ordinary.    They also answered ; and affidavits were introduced by both sides.    The prayer of the petition was denied, and the petitioners excepted.

*E. P. Davis,* for plaintiffs.    Exclusion of colored voters : Civil Code, §§ 32, 5737 ; Cool. Const. Lim. * 30 ; 6 Am. & Eng. Enc. L. (1st ed.) 260, 262 ; 110 U. S. 651 ; 92 U. S. 214 ; 96 U. S. 542 ; 3 Ore. 568.    Remedy : 90 *Ga.* 817 ; 108 *Ga.* 620 ; High, Ext. Rem. § 617.    Joinder of parties : 68 *Ga.* 681 ; 72 *Ga.* 461 ; 90 *Ga.* 818 ; 117 *Ga.* 803 ; 87 *Ga.* 316 ; 75 *Ga.* 83 ; Civil Code, § 4846 ; 6 Am. & Eng. Enc. L. (1st ed.) 399 ; 10 Mod. 65 ; 17 R. I. 391 (22 Atl. 322).

*L. D. McGregor* and *S. H. Sibley,* for defendants.    Question of color : 6 Am. & Eng. Enc. L. (1st ed.) 260 ; 19 Colo. 104 (41 Am. St. R. 208) ; 68 *Ga.* 681 ; 20 Nev. 198 (19 Am. St. R. 346) ; 84 Md. 179 (57 Am. St. R. 398) ; 81 Ky. 666 ; 97 Am. Dec. 263 ; 66 *Ga.* 223.    Contest the remedy : 108 *Ga.* 137 ; 17 Enc. Pl. &

Pr. 475; Dill. Mun. Corp. § 205; 78 Ill. 261; 98 Ky. 614; 33 S. W. 944; 11 Nev. 382; 80 N. C. 103; 15 O. St. 114; 17 O. St. 271; 70 Am. Dec. 103; 12 Lanc. Bar. 61; 47 Tenn. 59; 77 Tenn. 664; 2 Leg. Chron. 307.   Misjoinder: 157 Pa. St. 637; 93 Am. Dec. 179; 3 Lanc. Law Rev. 177; 7 O. St. 152.