The judgment of January 13, 1943, sustaining ground 1 of the demurrer filed on October 29, 1942, is not excepted to, and therefore it is the law of the case. Clark v. Ganson, 144 Ga. 544 (87 S.E. 670); Turner v. Willingham, 148 Ga. 274
(96 S.E. 565); Speer v. Alexander, 149 Ga. 765
(102 S.E. 150); Georgia Railway c. Co. v. Kelly, 150 Ga. 698
(105 S.E. 300); Howell v. Fulton Bag Cotton Mills, 188 Ga. 488 (4 S.E.2d 181); Rivers v. Key, 189 Ga. 832, (7 S.E.2d 732). Whether that ruling was right or wrong it is the law of the case, and is conclusive upon all parties thereto, and under it the petition as amended at that time alleged no cause of action. The amendment offered on January 29, 1943, added nothing new or of substance, but was a mere elaboration of the averments of the original petition. Therefore, under the law of the case, the petition as finally amended alleged no cause of action, and the court did not err in sustaining the ground of demurrer assailing the amended petition upon this ground.
Judgment affirmed on main bill of exceptions. Cross-bill of exceptions discussed. All the Justices concur.
 Nos. 14697, 14704. NOVEMBER 30, 1943. *Page 126 
The original petition of Max Gluck and Darling Stores Corporation against William Beatus and Beatus Realty Company alleged in substance, that on or about May 5, 1938, Max Gluck and William Beatus entered into an agreement whereby they would be owners of described land, each owning a one-half undivided interest therein. Rich Stores Inc. owned a half interest in the land, and William Beatus owned the other half. Max Gluck owned and controlled a majority of the stock of Rich Stores Inc. On June 22, 1938, Rich Stores Inc. executed a deed to William Beatus conveying its interest in the land to him, and on June 23, 1938, Gluck and Beatus entered into a written agreement by the terms of which they were equal owners of the land, the consideration being that each would pay and be responsible for his half of all carrying charges and expenses on the land. The control and management of the land, including the payment of taxes, insurance, interest on the loan, and repairs, were put in the hands of Beatus. The property was subject to a loan deed to Mrs. Alberta L. Eubank to secure a debt of $10,000, the maturity date of which was June 11, 1939. There was a first or prior loan deed against the property to secure an undisclosed amount to New England Life Insurance Company. A first loan in substitution for that held by the New England Life Insurance Company was placed on the property, for an amount in excess of the first loan and from which in March, 1939, $5000 was paid on the Eubank loan. Beatus fraudulently allowed the Eubank loan to become past due, and foreclosed and bought the property at the foreclosure sale. When he was informed that Mrs. Eubank intended to notify Rich Stores Inc., one of the makers of her note, and Max Gluck, its president, of the intention to foreclose, he stated that they did not intend to pay the debt, and thus prevented them from having notice in order that he might be able thereby to purchase the property at the sale in his own name. In order thus fraudulently to obtain title to Max Gluck's interest, Beatus organized the Beatus Realty Company, all of the stock of which he owned, and the corporation bought the property at the foreclosure sale, paid the balance of the Eubank loan and all costs of foreclosure, and on August 2, 1939, received a deed to the property, subject to the first lien. On October 31, 1939, Beatus Realty Company conveyed the property to William *Page 127 
Beatus. While the foreclosure sale was being advertised William Beatus and Max Gluck occupied the same office in the City of New York, and although Beatus knew of the advertisement, and had promised Mrs. Eubank's attorney to notify Gluck he failed to do so, and Gluck had no notice or information of the foreclosure sale and the purchase by Beatus Realty Company "until some months after the sale had been consummated." On June 23, 1941, Gluck conveyed his half interest in the land to Darling Stores Corporation, the present owner. From May 5, 1938, through September, 1939, the income and profits were collected by Beatus, and were more than sufficient to pay all charges against the land, including the balance on the Eubank loan. The title is still in William Beatus, and unless he is enjoined from alienating or encumbering the property, the plaintiffs will suffer irreparable injury. Max Gluck joins in the suit for the use of Darling Stores Corporation, to whom he has transferred his interest in the property. By reason of his fraudulent practices, Beatus holds title to the said property as trustee, and should be required to execute a conveyance of one-half undivided interest therein to Darling Stores Corporation. Darling Stores Corporation stands ready, able, and willing to pay one-half of any amount necessary to pay the carrying charges and expenses of operating and maintaining the property, and offers to do so; but contends that the income and profits have all been collected and received by William Beatus, and have been more than sufficient to pay these charges. The deed from Beatus Realty Company to William Beatus should be cancelled in so far as it conveys the half interest belonging to Darling Stores Corporation, and Beatus Realty Company should be required to convey this interest to Darling Stores Corporation. The prayers were for injunction, decree of title, process, and general relief. By amendment it was alleged that on March 21, 1939, William Beatus by warranty deed conveyed a one-half interest in the property to Max Gluck, subject to outstanding liens.
Beatus demurred to the petition as thus amended on several grounds, number 1 being that said petition as amended set forth no cause of action against the defendant. On January 13, 1943, the court entered judgment sustaining all grounds of the general demurrer to the petition as amended, with leave to amend within twenty days "to meet said grounds of demurrer, in the absence of which said petition of the plaintiffs as amended shall stand dismissed." *Page 128 
On January 29, 1943, the plaintiffs offered and had allowed subject to objections and demurrer an amendment in substance as follows: The agreement of May 5, 1938, was oral and was made for the consideration that Max Gluck, who was the controlling interest on the board of directors of Rich Stores Inc., would allow Rich Stores Inc. to convey its interest in the land to William Beatus, and this agreement was carried out on June 22, 1938. The written agreement of June 23, 1938, was made a part of the amendment as Exhibit "A." From May 5, 1938, Beatus, as trustee for Max Gluck and himself, controlled the property and collected the rents and profits, and with such rents and profits paid all taxes, insurance, interest, and principal on loans, and has made no accounting therefor. The yearly income from the property was at least $12000, and the amounts necessary to be paid would not exceed that sum. He has never called upon Gluck to pay any part of such charges. He had in his hands enough assets belonging to himself and Gluck to pay the Eubank loan when it matured. The plaintiffs did not know positively of the foreclosure sale until the middle of 1941, up to which time Beatus had made no accounting to Gluck. The amendment recited that certain cases were filed in Fulton County courts involving the property, and that they were still pending. In one of these cases Darling Stores Corporation is seeking an accounting from William Beatus, and it sought to amend its petition by seeking a decree of title, but the amendment was disallowed.
To this amendment the defendant William Beatus filed written objections asserting that it did not meet the terms of the judgment on demurrer dated January 13, 1943, and that, together with the petition, it should be dismissed. To the petition as thus amended Beatus filed demurrers renewing his previous demurrers filed on October 29, 1942, ground 1 of which was that "said petition as amended sets forth no cause of action against this defendant." On June 23, 1943, the court rendered judgment sustaining ground 1 of the defendant's demurrer filed October 29, 1942, and overruled and denied the written motion to dismiss. The plaintiffs except to the judgment sustaining the demurrer, and the defendant by cross-bill excepts to the judgment overruling and denying the motion to dismiss.