### 20688.   CROW *v.* BRYAN.

CANDLER, Justice. A petition for the writ of quo warranto, which T. M. Crow filed in the Superior Court of Jackson County on January 22, 1959, against W. T. Bryan, Jr., alleges: The petitioner is a citizen and taxpayer of the City of Jefferson, and the defendant resides in the same city, which is in Jackson County. At a purported election held on December 8, 1958, for mayor, the defendant received 227 votes, Alva Ray 95, and the petitioner 172. The defendant was declared to be the duly elected mayor for a term of two years, and he qualified on January 1, 1959, and is performing the duties of such office. Prior to the holding of the purported election, and pursuant to the provisions of section 3 of an act approved August 3, 1923 (Ga. L. 1923, p. 693), which amended the charter granted to the city in 1899 (Ga. L. 1899, p. 214), its board of registrars revised the city's list of registered voters and struck therefrom the names of 113 persons who were then, and had been for at least 60 days immediately prior thereto, bona fide residents of the city, had paid all taxes due by them to the city except for 1958, had registered as required by the provisions of section 7 of the city's charter of 1899, and were qualified to vote for members of the General Assembly of Georgia. The 113 names of persons who were stricken from the city's list of voters were neither notified by the city's board of registrars of any claimed reason why they were disqualified to remain on the list, nor were they afforded any opportunity to be heard as

to their respective rights to have their names remain thereon as required by section 3 of the city's amended charter of 1923. Their names were stricken for the sole reason that they had not registered as voters in the voters' registration book of Jackson County, and the act of striking their names from the city's list of registered voters for such reason was unauthorized and illegal since section 6 of the city's charter of 1899 expressly provides that registration in Jackson County's registration book is not a necessary prerequisite to the right of a citizen residing in the City of Jefferson to register and vote in that city for its municipal officers. While those whose names had been illegally stricken from the city's list of registered voters desired to vote in the city election of December 8, 1958, the city by a news item gave notice in a paper published in the City of Jefferson prior to the date on which said purported election was held that no person would be allowed to vote in .the election who was not registered as a voter in Jackson County's registration book, and the city's board of registrars furnished those who were to hold and manage the election of December 8, 1958, with a copy of the revised or purged list of those who could vote in said election which, of course, did not include the 113 names illegally stricken. It is also alleged that the city's board of registrars struck the names of the 113 persons from the city's registration list in accordance with and pursuant to an opinion from the city's attorney that it was legally proper and necessary to strike from the city's list of voters the name of any person residing therein whose name was not registered as a voter in Jackson County's registration book. The defendant demurred to the petition generally on the ground that it failed to state a cause of action for the relief sought, and demurred specially to specified parts of several of its paragraphs. His demurrers were overruled by a lengthy order which stated that the allegations of the petition were sufficient to show that the election of December 8, 1958, was null and void. This judgment was not excepted to and stands unreversed. A subsequent amendment to the petition alleges that the act of striking the names of the aforementioned 113 persons from the city's registration list without notice to such voters and without affording them an opportunity to be heard in opposition thereto offends the due-process clause of the Federal Constitution and the same provi-

sion of Georgia's Constitution. This amendment was allowed subject to objection and demurrer, and the defendant's motion to strike it on stated grounds was denied, and there was likewise no exception to this judgment, and it stands unreversed. By agreement the case was tried by the judge without the intervention of a jury, and on stipulated facts and admissions made in the pleadings. The trial judge found in favor of the defendant and on his finding a final judgment was entered denying the relief sought. The plaintiff excepted and brought the case to this court for review. *Held:*

1. "A judgment of a court having jurisdiction of both the parties and the subject-matter, however irregular or erroneous, is binding until set aside." *Mitchell* v. *Arnall,* 203 *Ga.* 384 (4) (47 S. E. 2d 258), and the cases there cited. Applying this rule in the instant case, the judgment overruling the demurrers to the original petition, and the judgment refusing to strike the amendment to it, amount to an adjudication that the petition as amended states a cause of action for the relief sought; and those unreversed judgments fix the law of this case insofar as they relate to the sufficiency of the amended petition to state a cause of action for the relief sought thereby. As authority for this ruling, see *Ga. Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 504 (2) (46 S. E. 658) ; *Palmer* v. *Jackson,* 188 *Ga.* 336 (1), 338 (4 S. E. 2d 28) ; and *Darling Stores Corporation* v. *Beatus,* 197 *Ga.* 125 (28 S. E. 2d 124), and the several cases there cited.

2. Under section 6 of the City of Jefferson's charter of 1899 (Ga. L. 1899, p. 214), all persons are considered electors and entitled to vote in that city's elections who have been bona fide residents of the city for at least sixty days immediately prior to the date of the city election in which they desire to vote, have paid all taxes legally imposed upon and demanded of them by the city's authorities except taxes for the year in which such election is held, have registered to vote with the designated city official, and are qualified to vote for members of the General Assembly of Georgia, *except, however,* registration in Jackson County's voters' book is not a necessary prerequisite to the right to vote for municipal officers in the city's elections. The registration provision of the city's 1899 charter has not been changed in any way by any subsequent act amending its charter, and there is no merit in the conten-

tion that section 6 of the city's charter of 1899 respecting the right of persons residing therein to register and vote in its municipal elections was impliedly repealed or superseded by the Voters' Registration Act of 1958 (Ga. L. 1958, p. 269), since that act deals only with the qualification and registration of an elector to vote in any general or special election in this State to fill any Federal, State, or county office, or in any primary to nominate candidates for any such office.

3. It is settled by the full-bench decisions of this court in *Davis* v. *City Council of Dawson*, 90 *Ga.* 817 (17 S. E. 110), and *Briscoe* v. *Between Consolidated School District*, 171 *Ga.* 820 (156 S. E. 654), that an election will be avoided when there is injected into it the insurmountable uncertainty incident to the rejection of the votes of electors in a sufficient number to overcome the apparent and announced result of the election, if they had all voted against the result reached, and neither fraud nor corruption is necessary where enough votes to change the result of the election have been disfranchised. For a like ruling, see *Howell* v. *Pate*, 119 *Ga.* 537 (46 S. E. 667), where all of the Justices concurred, except Chief Justice Simmons who was absent. But it is argued that the rule stated above is not applicable in this case since the parties stipulated that not more than 10 of the 113 voters unlawfully stricken from the city's registration list offered or attempted to vote in the mayor's election of December 8, 1958. This argument might be persuasive if it were not for the fact that the parties also stipulated that the city's election officials had, prior to the election, given notice through a local newspaper that no one would be allowed to vote in the election who was not registered as a voter in the county's registration book. In view of this notice, it seems clear to us that the 113 illegally purged, and thereby disfranchised, voters were not required to make the vain, useless, and humiliating gesture of going to the polls and asking for a ballot, knowing at the time that their request would be refused, in order to assure judicial protection of election requirements; and this is especially true since election managers have no power or authority to allow anyone to vote whose name is not on the list of registered voters furnished them for that particular election, which in this case was by the city's board of registrars. Code § 34-801. The 113 names of voters who were illegally stricken from the list furnished the man-

agers of the election involved were more than twice the number necessary to have changed the announced and declared result of the election, and under the rule announced in the *Davis, Briscoe,* and *Howell* cases, supra, the disfranchisement of those voters rendered the city's election of December 8, 1958, null and void.

4. A judgment overruling a general demurrer to a petition, unless excepted to and reversed, is an adjudication that the petition sets forth a cause of action for the relief sought thereby, and on proof of its allegations the plaintiff is entitled to prevail. *Darling Stores Corp.* v. *Beatus,* 197 *Ga.* 125, supra; *Turner* v. *Willingham,* 148 *Ga.* 274 (2) (96 S. E. 565), and the cases there cited. In this case a finding by the trial judge that the allegations of the amended petition were true was demanded by the admissions in the pleadings and the stipulated facts, which include a stipulation that each of the 113 persons whose names were stricken from the city's registration list had, as residents, signed their name in the city's registration book and taken the oath required of electors more than 60 days prior to the election of December 8, 1958; that their names were stricken from the city's registration list by its board of registrars for the sole reason that they were not registered in the voters' registration book of Jackson County; that the only notice given to the general public or to those whose names were so stricken from the city's registration list was a news item published in the Jackson Herald on November 6, 1958, stating that no one residing in the City of Jefferson would be allowed to vote in the city election of December 8, 1958, unless he was registered in the voters' book of Jackson County; and that, except for registration as a voter in Jackson County, they possessed all of the qualifications necessary to vote for members of the General Assembly; and the contention raised for the first time in the brief for the defendant in error, that the plaintiff, as a citizen and taxpayer of the city, is estopped to question the validity of the election since he, as a candidate for the office of mayor, had knowledge prior to the holding of it that the city's attorney had advised the city's board of registrars to strike the name of each elector appearing on its registration list who was not also registered as an elector in Jackson County's registration book of voters, is untenable. Where the defendant relies on the defense of estoppel it must

be pleaded. *Askew* v. *Amos,* 147 *Ga.* 613 (1) (95 S. E. 5). However, we do not wish to be understood as intimating that such knowledge on the plaintiff's part would in the circumstances of this case amount to estoppel even if pleaded and proven.

5. From what has been said in the four preceding divisions, it necessarily follows that the finding of the judge was unauthorized by the evidence, and that the judgment entered thereon is erroneous.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 9, 1959—DECIDED JANUARY 8, 1960—
REHEARING DENIED FEBRUARY 11, 1960.

*Floyd G. Hoard, James Barrow,* for plaintiff in error.

*Davis & Davidson, H. W. Davis, Erwin, Nix, Birchmore & Epting, Eugene A. Epting,* contra.