21302.   STYLES *et al.* v. JONES *et al.*

Argued July 10, 1961—Decided September 7, 1961—
Rehearing denied September 25, 1961.

*C. C. Perkins, Thomas B. Murphy, Murphy & Murphy,* for plaintiffs in error.

*Earl Staples, Robt. D. Tisinger,* contra.

QUILLIAN, Justice. The information filed in this quo warranto proceeding did not set forth a cause of action, unless it showed the respondents did not legally hold office as members of the Carroll County Board of Education and as Carroll County School Superintendent. The only ground upon which the information asserts that the respondents did not hold such offices is that the constitutional amendment of 1958 repealing the 1952 amendment to Article VIII, Section V, Paragraph I of the Constitution was not legally ratified by the electors residing within

the Carroll School District, the political subdivision affected by the provisions of the amendment. The information undertakes to show the invalidity of the election at which the amendment of 1958 was adopted by setting out that certain electors living in the Independent School District of Carrollton, and not qualified to vote on the amendment, did participate and vote on the same. It is then set forth that it could not be ascertained whether or not the amendment of 1958 was legally ratified by the voters of the political subdivision it affected, because the votes of the electors residing in the Carroll Independent School District could not be separated from the votes of the electors residing outside of the city limits of Carrollton who were entitled to vote, but voted at the same precinct. The petition is silent as to how many illegal votes were cast or whether they were sufficient in number to change the result of the election.

The relators argue that their petition sufficiently sets forth a cause of action, citing *Crow v. Bryan,* 215 Ga. 661, 664 (3) (113 SE2d 104): "It is settled by the full-bench decisions of this court in *Davis v. City Council of Dawson,* 90 Ga. 817 (17 SE 110), and *Briscoe v. Between Consolidated School District,* 171 Ga. 820 (156 SE 654), that an election will be avoided when there is injected into it the insurmountable uncertainty incident to the rejection of the votes of electors in a sufficient number to overcome the apparent and announced result of the election, if they had all voted against the result reached, and neither fraud nor corruption is necessary where enough votes to change the result of the election have been disfranchised. For a like ruling, see *Howell v. Pate,* 119 Ga. 537 (46 SE 667)."

The relators misconstrue the effect of these decisions. They clearly hold that an election will be voided where "insurmountable uncertainty" exists as to the results emanating from the disqualification of a sufficient and definitely enumerated number of electors, which if they had been allowed to vote and had all voted against the result reached would overcome the announced result. They do not go so far as to hold that an election will be vitiated if there was merely "uncertainty" as to how many illegal electors were allowed to vote or how many electors were illegally disqualified.

In all the cases which the relators cite there was specificity as to the number of voters excluded and positive allegations that sufficient voters were disqualified or voted illegally to change the announced result. See especially *Howell v. Pate,* 119 Ga. 537, supra; *Crow v. Bryan,* 215 Ga. 661, supra; and *Kemp v. Mitchell County Democratic Executive Committee,* 216 Ga. 276 (116 SE2d 321), which the respondents cite.

The need for such positive allegations and specific enumeration of the illegal votes allegedly cast was announced in *Collins v. Huff,* 63 Ga. 207; *Jossey v. Speer,* 107 Ga. 828 (33 SE 718); *Cole v. McClendon,* 109 Ga. 183 (34 SE 384); *Chamlee v. Davis,* 115 Ga. 266 (41 SE 691); *Paulk v. Lee,* 117 Ga. 6 (43 SE 368); and *Pounds v. Pyburn,* 183 Ga. 306 (188 SE 451).

*Code* § 34-3101 expressly requires that: "No election shall be defeated for noncompliance with the requirements of the law, if held at the proper time and place by persons qualified to hold it, unless it is shown that, by such noncompliance, the result is different from what it would have been had there been proper compliance." *Coleman v. Board of Education of Emanuel County,* 131 Ga. 643 (63 SE 41); *Cloud v. Maxey,* 195 Ga. 90 (23 SE2d 668); *Pinion v. Walker County School District,* 203 Ga. 99 (45 SE2d 405).

It is not sufficient merely to allege that "it is impossible to determine whether the said proposed amendment was ratified," but a positive allegation showing sufficient disqualified or illegal electors so that a different result would be reached must be made. Since the information of the relators did not set forth a cause of action, the trial judge did not err in sustaining a general demurrer.

*Judgment affirmed. All the Justices concur.*