41532. LAITE et al. v. STEWART.

ARGUED SEPTEMBER 8, 1965—DECIDED DECEMBER 6, 1965—
REHEARING DENIED DECEMBER 17, 1965.

854

*Adams, O'Neal, Steele, Thornton & Hemingway, H. T. O'Neal, Jr.,* for plaintiffs in error.

*Jones, Sparks, Benton & Cork, Frank Jones,* contra.

FELTON, Chief Judge. ■ The contest division of the old Election Code (*Code* § 34-3101) reads as follows: "No election shall be defeated for non-compliance with the requirements of the law, if held at the proper time and place by persons qualified to hold it, unless it is shown that, by such non-compliance, the result is different from what it would have been had there been proper compliance." The above Code section was replaced by § 34-1703 of the new Election Code. The material provisions of the new Code are as follows: "Grounds for contest.—A result of a primary or election may be contested on one or more of the following grounds: (a) Malconduct, fraud or irregularity by any primary or election official or officials sufficient to change or place in doubt the result; . . . (d) For any error in counting the votes or declaring the result of the primary or election, if such error would change the result." Under the old law, even though *Code* § 34-3101 provided that no election would be defeated unless it could be shown that the result would have been different by reason of non-compliance

with the law, the courts, nevertheless, declared void elections in which provisions of the law were not followed, or were disobeyed. The basis on which such decisions were rendered is that if a mandatory provision of the law was violated the election should be held to be void, whereas if the violation of the statute consisted of merely a violation of a directory provision, the election would not be voided unless it could be shown that the result would have been different because of the violation of the law. In the following cases our courts have held that the requirement of law was mandatory and that the violation voided the election: *State of Ga. v. Carswell,* 78 Ga. App. 84 (50 SE2d 621); *Lumpkin v. State of Ga.,* 73 Ga. App. 229 (36 SE2d 123); *Moon v. Seymour,* 182 Ga. 702 (186 SE 744); *Price v. Hodges,* 172 Ga. 871 (159 SE 241); *Alexander v. Ryan,* 202 Ga. 578 (43 SE2d 654); *Cox v. Williams,* 216 Ga. 535 (117 SE2d 899); *Crow v. Bryan,* 215 Ga. 661 (113 SE2d 104); *Briscoe v. Between Consolidated School District,* 171 Ga. 820 (156 SE 654); *Barrentine v. Griner,* 205 Ga. 830 (55 SE2d 536); *Bush v. Johnson,* 111 Ga. App. 702 (143 SE2d 21). The following cases have held the legal requirements to be directory only and that a violation of such requirements would not alone void the election: *Coleman v. Board of Education,* 131 Ga. 643 (63 SE 41); *Brumby v. City of Marietta,* 132 Ga. 408 (64 SE 321); *Hastings v. Wilson,* 181 Ga. 305 (182 SE 375); *Styles v. Jones,* 217 Ga. 228 (121 SE2d 627); *Robinson v. State of Ga.,* 82 Ga. App. 584 (61 SE2d 773); *Gay v. Clements,* 214 Ga. 136 (103 SE2d 553); *Broome v. Martin,* 111 Ga. App. 51 (140 SE2d 500).

The new Georgia Election Code is a detailed, elaborate and comprehensive revision of the election laws of the State. The General Assembly is presumed to have reviewed and considered not only all of the existing statutes on the subject of elections but also the decisions of both appellate courts on the subject. It is our opinion that in adding an additional ground which would avoid an election the General Assembly intended that the Election Code supersede the rulings of the courts voiding or not voiding elections depending on whether the violations of the election laws involved a mandatory or directory provision when neither kind was defined or spelled out by statute.

In so doing the new Election Code provided liberal rules for the contesting of elections and strict penalties for the violations of requirements by election officials to the end that justice be done and that expensive additional elections be avoided unless the violations of the Election Code caused the result of an election to be placed in doubt or caused the result to be different from what it would have been but for the violations.

■ One of the grounds of contest is that the ordinary did not have authority to re-count the absentee ballots. If this contention is correct, the petitioner would be the winner of the election because the original canvass would be the only legal one and according to that canvass, petitioner was the winner. While the jurisdiction and authority to decide an election contest was not intended to be vested both in the ordinary and in the superior court, the ordinary is given authority to re-canvass votes. This does not carry the authority to eliminate votes for any reason. In this case the ordinary re-canvassed the absentee ballots in the only way possible, that is, by re-counting them, since three more votes were cast than were originally counted by the officials. We think that such authority is given the ordinary by necessary implication, as well as § 34-1504 (d) (i), and § 34-1504 (b) of the Election Code. The original canvass showed Laite the winner by two votes. The re-canvass showed Stewart the winner by three votes. The canvass also included machine votes about which no question is raised. So, we hold that under the Election Code the ordinary may re-count paper ballots if necessary to complete a re-canvass of the votes cast but he does not have authority to decide a contested election. That authority is given to the superior court.

■ In view of what is said above, it follows that the obvious intent of the Election Code is to have an election declared void exclusively by the superior court and only when the election is contested and where the evidence shows that the irregularities or malconduct claimed would have changed the result of the election or would have placed the result in doubt. The authority of courts to declare an election void regardless of the consequences of the malconduct or irregularities claimed no

longer exists. Since this is true the contestant in this case has foreclosed his right to prevail by failing to request a recount and re-examination of the absentee ballots. The illegal counting of the absentee ballots prevented a legal challenge to any of them at the time they were cast and the contestant could have asked for a re-count and re-examination of the absentee ballots, and, while he could not have shown that the result would have been changed by the counting of votes illegally accepted or voted (because he could not tell how any absentee elector voted), he could have shown that a sufficient number of illegally accepted or voted ballots were cast to place the result of the election in doubt.

■ The other irregularities claimed fall by the wayside under what has been said above. It is not alleged that the votes were counted in such a manner as to make public the manner in which any voter voted, but even if it had been so alleged, the election could not be voided unless the result of the irregularity changed the result of the election or placed it in doubt. The penalty provided is for the official who violates the law— not the requiring of another election. The same is true with reference to the counting of the votes at a place other than the one posted and the handling of the ballots in the celebration after the re-count by the ordinary.

The court did not err in sustaining the general demurrer to the petition for contest and in dismissing the action.

*Judgment affirmed. Nichols, P. J., Bell, P. J., Frankum, Jordan, Hall, Eberhardt, Pannell and Deen, JJ., concur.*