47215.   BUTTRILL et al. v. THOMAS et al.

DEEN, Judge. A liquor referendum was after proper advertisement submitted to DeKalb County voters on February 8, 1972, as a result of which the county voted wet. The appellants as taxpayers and voters of the county filed a petition seeking injunction against conducting the election, and alleged by amendment (prior to the hearing on

March 2 but after the election had been held) that the election was void because an illegal form of ballot had been used and for other reasons. From the grant of a summary judgment to the defendants (the Ordinary of DeKalb County and members of the Board of Elections) petitioners appeal. *Held:*

1. It is contended that the ballot form used in the election[1] which is patterned on *Code Ann.* § 34-1103 (f)[2] of the Georgia Election Code (Ga. L. 1964, Ex. Sess., pp. 26, 100) is illegal and the election is therefore null and void, because, in the absence of an express repealer, the form set out in *Code Ann.* § 58-1007[3] of the Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors (Ga. L. 1937-38, Ex. Sess. pp. 103, 105) should have been used as being the mandatory form under the comprehensive statutory scheme for submitting to the citizens the question of their preference for a wet or dry county.

The Revenue Tax Act left to county option the question of legality of liquor sales and provided for the method of balloting on the question. The Georgia Election Code undertook a comprehensive balloting law which deals

---

[1]"Shall alcoholic beverages and liquor be taxed and legalized and controlled in DeKalb County, Georgia? Yes ( ) No ( )."

[2]"Other questions shall be submitted in brief form. . . To the left of each question there shall be placed the words 'yes' and 'no', together with appropriate squares to the left of each for the convenient insertion of a cross (X) or check ( ) mark."

[3]"Those voting in such election for this Chapter to be put in force shall have printed or written on their ballots the words 'For taxing and legalizing and controlling alcoholic beverages and liquors.' Those voting against this Chapter being put into effect in such county shall have printed or written on their ballots the words, 'Against taxing and legalizing and controlling alcoholic beverages and liquors.'"

primarily with candidates for election but also with submission to the voters of constitutional amendments and "other questions," of which the option to legalize and tax liquor sales is one. It comprises a codification of the general laws relating to balloting, and attempts to formulate a consistent framework of rules within which all questions submitted to the vote of the electorate are to be posed and contests over the issue of the vote decided, whether the issue being voted on relates to a person (such as a choice of candidates for public office) or to a question of local law (as whether school bonds shall be issued; whether liquor will be sold or not). "'Where a later or revising statute clearly covers the whole subject-matter of an antecedent Act, and it plainly appears to have been the purpose of the legislature to give expression in it to the whole law on the subject, the antecedent Act is repealed by necessary implication.' *Leonard v. State of Georgia,* 204 Ga. 465 (2) (50 SE2d 212)." *Mosley v. Lanier,* 213 Ga. 373 (1) (99 SE2d 118). And see *International Minerals &c. Corp. v. Bledsoe,* 126 Ga. App. 243.

"It is a familiar and well-settled rule that a subsequent statute, revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former one to the extent to which its provisions are revised and supplied." *Thompson v. Ga. Power Co.,* 73 Ga. App. 587, 596 (37 SE2d 622). *Code Ann. Ch.* 58-10 covers the area of legalizing alcoholic beverages and in the process specifies how the question shall be submitted to the electorate. *Code Ann. Ch.* 34-11, a subsequent enactment, covers the area of voting and specifies both how questions shall be submitted to the electorate and how, after election, the results may be contested. In the area of the ballot it is obvious that if a contradiction exists the Georgia Election Code, being a general comprehensive reorganization of law on this subject matter and a later enactment, must control. And

while we recognize, and counsel acknowledges, that this lawsuit is not and does not purport to be an election contest (there being no allegation or proof offered that if the ballot had been prepared as contended by the appellant and as specified by the former law, the result would have been any different), we are not put to a decision here as to whether, as was held in *Barrentine v. Griner*, 205 Ga. 830 (2) (55 SE2d 536) if an election is void on its face because of a substantial noncompliance with a mandatory provision of the law, such question may be raised by the simple procedure of filing an equity action to have the whole election declared void. It is obvious that in any event the difference between a ballot reading "Shall alcoholic beverages and liquors be taxed. . ." etc., with "yes" and "no" boxes, and a ballot reading "For taxing" and "Against taxing" alcoholic beverages and liquors, etc., with appropriate boxes is substantially the same thing and the use of the wrong terminology would be a mere irregularity at most. It was stated in *Laite v. Stewart*, 112 Ga. App. 853 (2) (146 SE2d 553): "The new Election Code provides the exclusive procedure by which an election may be declared void for malconduct or irregularities, to wit, in a contest filed in the superior court, wherein the malconduct or irregularities must be shown to be such as would have changed the result of the election or placed the result in doubt." The fact that the phraseology designated by *Code Ann.* § 34-1103 (f) was printed on the ballot is no reason for voiding the election.

2. Since it was proper to use the language designated by *Code Ann.* § 34-1103 (f) on the ballot, and since the language appeared correctly both there and in the timely published advertisements, it is immaterial that prior to advertising the call of the special election by the ordinary was amended so as to correct the wording to be placed on the ballot. Again, if this is such an irregularity as to void the election (which is extremely doubtful, since it was a purely ministerial act) the issue would

have to be raised in an election contest proceeding.

The trial court did not err in entering summary judgment for the defendants.

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*

ARGUED MAY 24, 1972—DECIDED JUNE 16, 1972.

*Mackay & Elliott, James A. Mackay, Thomas W. Elliott,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, James H. Keaten, Daniel M. Coursey, Jr., George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellees.