## 47790. MOODY v. ROZAR.

HALL, Presiding Judge. Plaintiff in an election contest appeals from the judgment of dismissal following an evidentiary hearing before the court.

Plaintiff and defendant were the contestants in a run-off election for county commissioner. Each received the same number of the personally cast votes but defendant received more of the absentee votes. Plaintiff seeks to have all 115 absentee ballots declared void because of certain irregularities in their handling, e. g., delivery and opening of the outer envelopes with jurat before the polls closed, opening the jurat envelopes without affording plaintiff's representative an opportunity to challenge the electors, and leaving the ballots in another room for a few hours before the official tally.

The court found that there was no evidence of fraud on the part of any election official and that while the alleged irregularities did exist, they were not sufficient to change the result or to place the result in doubt. It also found that plaintiff was foreclosed because he had not "officially" requested a recount or recanvass. (The ordinary did recount the absentee ballots the day following the election in plaintiff's presence and apparently at his urging.)

The condition precedent of a request for a recount was set out in *Laite v. Stewart,* 112 Ga. App. 853 (146 SE2d

553). It is irrelevant here whether a recount was requested in some formal manner or by simply asking the ordinary to do it. The point of a recount, as *Laite* makes clear, is the affording of another opportunity to re-examine the ballots and to challenge a sufficient number of them as illegally accepted or voted to place the result in doubt. Plaintiff has challenged no ballot here for cause, either at the recount or subsequently, although he had a list of the absentee voters and access to the ballots and envelopes.

All plaintiff has offered the court is the hint of a speculation that the opened ballots could have been tampered with or substituted before the tally. With absolutely no evidence that such a thing was done or could have been done, the court was correct in refusing to disenfranchise those 115 voters. See also *Blackburn v. Hall,* 115 Ga. App. 235 (154 SE2d 392).

*Judgment affirmed. Evans and Clark, JJ., concur.*
Argued January 5, 1973 — Decided February 7, 1973.

*Jon A. Nixon, John P. Nixon,* for appellant.
*Aultman, Hulbert, Cowart & Daniel, D. P. Hulbert, Tom W. Daniel,* for appellee.