## 48113. COLLINS v. COLLINS et al.

EVANS, Judge. This is an election contest. Eugene Collins, incumbent Ordinary, Union County, filed a contest as to the result of the election for the Office of Ordinary, Union County. This was in the general election in November, 1972. He contended the election for Ordinary was null and void and he sought to have a new election called. His opponent, Neal Collins, was named as respondent, together with the Chief Registrar of Union County, and the members of the Board of Elections for Union County. All of the above named respondents, and the State Election Board, were served with copies of the contest.

He alleged that Neal Collins defeated him by only 47 votes, and that the entire election was void because of illegal votes cast; and that more than 26 separate irregularities occurred which were sufficient to change the election results, or place the results in doubt.

All respondents, except one Republican member of the Board of Elections, answered and denied the grounds of the complaint. Respondents also pleaded estoppel, laches, and release, because the contestant, as Ordinary, was the Superintendent of Elections and the official charged with managing same and was, therefore,

the "principal actor in any errors of omission or commission" which might have affected the election, if any such errors occurred.

The contest came on for trial before the court without the intervention of a jury, and findings of fact and conclusions of law were made. The court denied the prayers of the contestant, retained jurisdiction of the matter; and the Chief Registrar was ordered to comply with the law relating to the purging of the registration list. The matter was then remanded to the judge of the local circuit for further direction. The contestant appeals. *Held:*

1. The election returns, which were not in dispute, showed the contestant lost the race by only 47 votes. Unquestionably, if 47 or more illegal votes were cast this could have changed the results or placed said results in doubt. *Laite v. Stewart,* 112 Ga. App. 853 (2) (146 SE2d 553).

2. The principal contention of the contestant is that 126 people, not on the precinct registration lists (Code Ann. § 34-622; Ga. L. 1964, Ex. Sess., pp. 26, 63; Code Ann. § 34-602 (6); Election Code, as amended by Ga. L. 1968, p. 847; 1970, pp. 383, 384; 1971, Ex. Sess., pp. 61-64), were allowed to vote. But no testimony was offered to show that these voters were not electors listed on the official registration list in the registrar's office, or on the voter registration cards (Code Ann. § 34-609). Code Ann. § 34-1305 (Ga. L. 1964, Ex. Sess., pp. 26, 130) authorizes the registrars to meet during the time when the election is being held, and to consider the qualification of those whose names may have been omitted from the lists through inadvertence or mistake, and may order said names placed on the registration lists. While the method employed in this case was slipshod and haphazard, in giving the prospective voter a yellow slip which would authorize him to vote, some of said yellow slips having the voter's name thereon and some did not; and some having the initials "R.E.L." (the initials of Chief Registrar R. E. Lance), and some did not, this is not enough of itself to show that the 126 questionable voters were not entitled to vote in said election.

The trial court held that the contestant failed to carry the burden of showing that the names of these 126 voters were not qualified voters.

3. Contestant offered testimony showing he had found 20 electors who were on the voters list and who were nonresidents of Union County, and who were allowed to vote; but the evidence as to the

legal residences of these 20 electors was hearsay only, and was, of course, without probative value. *Jones v. State,* 50 Ga. App. 97 (176 SE 896). The court properly concluded it could not determine that the votes of these 20 electors were void on the basis of hearsay evidence.

4. Contestant offered proof in the form of affidavits of 31 absentee voters showing their "residence address" was such places as Atlanta, Athens, Marietta, Smyrna, Zebulon, etc., but this in and of itself is not proof that the resident address shown thereon was *the domicile and not a second residence* of college students, teachers, State employees, retired persons, or other transient workers having a second residence. The form of this affidavit is found in Code Ann. § 34-1404 (Ga. L. 1964, Ex. Sess., pp. 26, 157) which contains inter alia, these words: "I am entitled to vote in the election district containing my residence in the . . . election in which this ballot is to be cast . . ." The evidence offered by the contestant was insufficient to show that these absentee ballots were not valid.

5. The court, after consideration, did not find there was a preponderance of evidence, sustaining any one of the 26 grounds urged as a basis for declaring the election void.

The election in this case was attended with a great number of irregularities which this court does not sanction. But the lower court's retaining of jurisdiction of this case indicates that reform may be expected in future elections. Despite these irregularities the trial court, as the arbiter of the facts, found against the contestant, and there was evidence to support this finding. The judgment of the trial court is affirmed.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED MAY 7, 1973 — DECIDED JUNE 25, 1973 — REHEARING DENIED JULY 13, 1973 — ▮▮▮▮▮▮▮▮▮▮

*A. Mims Wilkinson, Jr., Claude S. Beck, Robinson, Buice, Harben & Strickland, B. Carl Buice,* for appellant.

*Telford, Stewart & Stephens, J. Douglas Stewart, Douglas W. McDonald,* for appellees.

