33762. DAVIDSON et al. v. BRYAN et al.

JORDAN, Justice.

This appeal is from a judgment denying a permanent injunction and other relief in an election contest.

The case was heard on a stipulation of facts. An election was held for the City of Grovetown on December 7, 1977. The plaintiff Davidson and the defendant Lynn were the only two candidates for the position of mayor. Davidson received 284 votes and Lynn received 297 votes.

Four persons ran for two seats as councilmen. The plaintiff Austin received 280 votes, the plaintiff Deckert received 287 votes, the defendant Hunsucker received 292 votes, and the defendant Reese received 296 votes. The plaintiffs did not challenge the right to any person on the voters registration list to vote prior to, or on the date of the election. On December 12, 1977, the plaintiffs filed a timely election contest, alleging that in the two weeks immediately preceding the closing of the voters list there were at least 25 persons who registered to vote, and did vote in the election, who were not residents of the City of Grovetown and were not entitled to register or to vote in the election. On December 12, 1977, the city council held a meeting and decided there could be no hearing in the election contest since the city charter requires three councilmen for a quorum, and the defendant mayor and two councilmen were disqualified because they were candidates. The plaintiffs filed a timely notice of appeal with the city council on December 21, 1977, and on the same date filed a complaint seeking a new election, temporary restraining order, permanent injunction, and other relief. The temporary restraining order was denied on the ground that the plaintiffs failed to challenge the right of the electors to vote until after the election.

The trial judge's order which is appealed in the present case indicates that he was ruling on the appeal from the election contest in city council and the injunctive action. The judge held that the plaintiffs could not challenge the right of electors to vote after the election, and denied permanent injunction and other relief.

1. The appellees (defendants) argue that the qualified city council members should have decided the election contest filed with them, and that the council's decision not to hear the contest was not a judgment from which the appellants (plaintiffs) could appeal.

The Georgia Municipal Election Code provides that an election contest shall be commenced by filing a petition with the city clerk, and that a hearing shall be held thereon by the governing authority of the municipality. It further provides that: "Any member of the governing authority involved in the contest shall disqualify himself from judging the contest." Code Ann. § 34A-1501 (Ga. L.

1968, pp. 885, 979; 1970, pp. 341, 345).

Since there were not enough qualified councilmen to make a quorum as required by the city's charter (Ga. L. 1959, pp. 2223, 2227, § 7), the council could not decide the contest. The appellant's right to appeal to the superior court would be eliminated if an appeal could not be filed from the decision not to hear the petition. The superior court judge properly considered the appeal.

2. The Municipal Election Code is completely silent on the grounds for an election contest.

The Georgia Election Code provides in Code Ann. § 34-1703 (Ga. L. 1964, Ex. Sess., pp. 26, 178) the grounds for contest, one of these being: "When illegal votes have been received or legal votes rejected at the polls sufficient to change or place in doubt the result; . . ." See *Stinson v. Manning,* 221 Ga. 487, 492 (2) (145 SE2d 541) (1965); *Collins v. Collins,* 129 Ga. App. 372 (1) (199 SE2d 626) (1973).

Although the Georgia Election Code is not applicable to municipal elections (Code Ann. § 34-102), in the absence of any statutory grounds for contest in the Municipal Election Code, we hold that the ground for contest in § 34-1703 (c) is a good ground of contest in a municipal election.

3. The trial judge did not determine whether illegal votes were cast in a sufficient number to place the result of the election in uncertainty, but based his ruling on the fact that the alleged illegal votes were not challenged until after the election.

There is no statutory provision requiring a candidate to challenge illegal registrants before the election. The appellees offered no plea or evidence of estoppel. See *Crow v. Bryan,* 215 Ga. 661, 665 (4) (113 SE2d 104) (1960). It is the general rule that unless the person contesting an election participated in the illegality alleged, he is not estopped to prove such illegality. See 26 AmJur2d 146, Elections, § 322; 29 CJS 694, Elections, § 251.

The trial judge erred in holding that the appellants had an adequate remedy at law by challenging the alleged nonresident voters before the completion of the election. The case is remanded for an evidentiary hearing on the question of the alleged illegal voting by nonresidents.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 11, 1978 — DECIDED SEPTEMBER 28, 1978.

*Wilkinson, Wallace & Wilson, Charles L. Wilkinson, III,* for appellants.

*Saul, Blount & Martin, Percy J. Blount,* for appellees.