## 35962. MOORE v. BURDEN et al.

NICHOLS, Justice.
William Moore, an unsuccessful candidate for Mayor of the City of Nahunta, appeals from an order dismissing his petition for the writ of mandamus in which he sought mandamus absolute compelling the city clerk to certify the election results, and requiring the mayor and aldermen to declare the election results or to grant him a hearing on his election contest.
Prior to the filing of the petition for mandamus, Moore had filed with the city clerk pursuant to Code Ann. § 34A-1501 (a) a petition to contest the results of the election asserting, inter alia, that the results of the election had been declared by the city governing authority. No hearing on that petition was held; rather, Moore was notified by the city clerk that the mayor and aldermen had met and had accepted the election results after finding that everything about the election was in order. Moore next filed in the superior court an appeal from the decision of the governing authority. Code Ann. § 34A-1501 (b). After a hearing the court announced from the bench that he was dismissing the appeal. Before a written order dismissing the appeal was entered, Moore

filed with the clerk his notice of voluntary dismissal of the appeal.

At the outset, it is important to remember that this is not a case in which an unsuccessful candidate is seeking, simultaneously, to take inconsistent positions regarding whether or not the public officials have done the official acts which "trigger" the petition and appeal procedure set forth in Code Ann. § 34A-1501 (a) (b). This is not a proceeding wherein the plaintiff asserts, first, that those official actions *have* been accomplished, thereby activating the petition and appeal procedure set forth in that Code section, whereas, elsewhere in the petition, he alleges that the official acts have *not* been accomplished and he seeks mandamus absolute requiring their completion in accordance with law. To the contrary, Moore pursued the petition and appeal procedure *alone* right up to the point in time when the trial court announced from the bench that he was dismissing the appeal. Moore then attempted to dismiss his appeal voluntarily to pursue alternative theories in a petition for mandamus.

The policy considerations stated in *Jones v. Burton,* 238 Ga. 394 (233 SE2d 367) (1977), preclude his voluntary dismissal of the appeal after the announcement by the trial court of a decision that would terminate the appeal when later reduced to writing and entered. The fact that no dismissal order ever was entered is irrelevant. Moore's remedy was to await entry of the order dismissing his appeal and appeal that order. See *Davidson v. Bryan,* 242 Ga. 282, 284 (2) (248 SE2d 657) (1978). Accordingly, the trial court did not err in dismissing the petition for the writ of mandamus.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 15, 1980 — DECIDED APRIL 8, 1980.

*William A. Zorn,* for appellant.

*Delman L. Minschew, Earl Daniel Smith, Jr.,* for appellees.