## 36019. HALPERN PROPERTIES, INC. v. NEWTON COUNTY BOARD OF EQUALIZATION.

NICHOLS, Justice.

Appellant Halpern Properties, Inc., a Georgia corporation, appealed to the Newton County Board of Equalization the Board of Tax Assessors 1978 tax assessment on appellant's real property. The Board of Equalization rendered its decision on August 2, 1979, upholding the assessment, finding that it was uniform and not excessive. Instead of appealing the Board of Equalization's decision to the superior court within thirty days as permitted by Code Ann. § 92-6912(6), the appellant filed a petition for mandamus on October 12, 1979. The mandamus petition attacked the format of the Equalization Board's decision on the grounds that one of the three members had failed to indicate his vote either for or against the decision (the other two members voted for the decision) and that the written decision was not sworn to by each member before a proper attesting authority, presumably a notary public. The appellant sought a writ of mandamus to compel appellee to issue a "legal" decision by performing the above indicated requirements. Appellant's contention was that it could not properly appeal the Equalization Board's decision to the superior court for a de novo hearing because the board's decision was "legally defective and invalid." The superior court denied appellant's petition for mandamus, and appellant appealed to this court. This court affirms.

There are at least two reasons why the writ of mandamus properly was denied. First, the appellant had an adequate remedy at law to protect its rights. Within the allotted time the appellant could have pursued an appeal to the superior court from the Equalization Board's decision as provided in Code Ann. § 92-6912 (6). The petition could have asserted alternate grounds challenging both the form and the substance of the Equalization Board's decision. Code Ann. § 81A-108(e)(2). Cf. *Moore v. Burden,* 245 Ga. 567 (1980); *Davidson v. Bryan,* 242 Ga. 282 (248 SE2d 657) (1978). Second, even if the writ were granted, it is clear that its issuance would be "nugatory or fruitless." Code Ann. § 64-106. Two

members out of three voted to uphold the tax assessment. The third member neglected to indicate how he voted. If the appellant is given the benefit of the doubt, there are still two votes against his position. It would be a futile exercise to issue a writ of mandamus in this situation. *Smith v. Hodgson,* 129 Ga. 494 (59 SE 272) (1907).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 7, 1980 — DECIDED APRIL 29, 1980.

*Kermish, Labovitz, Marcus, Brazier & Rosenberg, Chester G. Rosenberg,* for appellant.

*William Thomas Craig,* for appellee.

*Judgment affirmed. All the Justices concur.*