### 39433. STODDARD v. CONE et al.

PER CURIAM.

Appellant Stoddard is a landowner in Grady County who brought a petition for writ of mandamus to compel the Board of Assessors of Grady County to carry out a decision of the county Board of Equalization. The trial court refused to issue the writ and declared the Board of Equalization document on which Stoddard based his action to be null and void. The issue here is whether the decision sent to the Board of Assessors from the Board of Equalization can be attacked collaterally if it was not appealed to the superior court within time limits prescribed by OCGA § 48-5-311 (Code Ann. § 91A-1449). It cannot be and we reverse.

Stoddard appealed the 1981 assessment of his property by the Grady County Board of Tax Assessors to the Grady County Board of Equalization pursuant to OCGA § 48-5-311 (e) (Code Ann. § 91A-1449), claiming that it was not uniformly assessed. The Board of Equalization heard his appeal along with 19 other cases over a three-day period in December 1981. In lieu of individual determinations of assessed value in each case, the Equalization Board thereafter sent a letter to Carlos Cone, chairman of the Grady County Board of Tax Assessors, declaring that the county property tax valuation was "an injustice to the taxpayers, and should be

redone." The letter stated that valuations were inconsistent from property to property and ignored present use of the property. It proposed a simplified classification and valuation system based on present land use, and concluded by making "this decision . . . applicable to all appeals presented to the Board this year." The board did not set a valuation on the property of Stoddard or any other appealing landowner. The tax assessors did not revalue and did not appeal to the superior court for a de novo review as provided by OCGA § 48-5-311 (f) (Code Ann. § 91A-1449). Stoddard thereupon brought this action to force the revaluation. The assessors now contend that the letter to Cone and the assessors was not an appealable document in that it did not constitute a lawful "decision" of the Board of Equalization.

OCGA § 48-5-311 (Code Ann. § 91A-1449) sets out the duties, powers, and procedures of the county boards of equalization. One of the duties is to hear matters of uniformity of assessment and valuation. OCGA § 48-5-311 (d) & (e) (Code Ann. § 91A-1449). If in the course of determining an appeal the board of equalization finds reason to believe that the property involved is not uniformly assessed with other property in the digest, "the board shall request the respective parties to the appeal to present relevant information" on the question. "If the board determines that uniformity is not present, the board may order the county board of tax assessors to take such action as is necessary to obtain uniformity, except that, when a question of county-wide uniformity is considered by the board, the board may order a partial or total county-wide revaluation only upon a determination by a majority of all the members of the board that the clear and convincing weight of the evidence requires such action." OCGA § 48-5-311 (d) (2) (Code Ann. § 91A-1449). During the three days of appeals hearings the Board of Equalization requested and received information on valuation uniformity in the county from the assessors and landowners. It concluded in its letter to the assessors that valuations in the county were inconsistent from property to property, although it did not state that this determination was based on "clear and convincing weight of the evidence."

The Board of Assessors asserts that the letter is not an enforceable decision for several reasons. Principally, they cite the trial court's finding of fact that two members of the Equalization Board were biased or prejudiced in favor of revaluation, and that certain formalities of style were not observed in considering and drawing up the decision.

Stoddard contends that the Equalization Board decision was not appealed within the 30 days provided by OCGA § 48-5-311 (f) (2) (Code Ann. § 91A-1449), and is thus final and binding. *Halpern*

*Properties, Inc. v. Newton County Bd. of Equalization,* 245 Ga. 728 (267 SE2d 26) (1980). We agree. The assessors could have pursued an appeal within the allotted time, asserting alternate grounds challenging both the form and the substance of the Equalization Board's decision. Id. Instead, they simply ignored it and assumed that it was invalid. It is clear that county boards of equalization have judicial powers to achieve uniformity in county tax digests. *Tax Assessors of Gordon County v. Chitwood,* 235 Ga. 147 (218 SE2d 759) (1975). The 30-day limit applies to the Board of Assessors as well as to taxpayers and the Equalization Board's decision cannot now be collaterally attacked. Although the decision did not cite specific evidence requiring a county-wide revaluation, the record shows that such evidence was available to the board and was considered by it. For these reasons we reverse the judgment of the trial court denying the writ of mandamus and declaring the decision of the Board of Equalization null and void.

*Judgment reversed. All the Justices concur, except Weltner, J., disqualified.*

DECIDED APRIL 19, 1983.

*Alexander & Vann, Thomas K. Vann,* for appellant.
*Culpepper & Davis, Robert Culpepper III,* for appellees.